## GORDON v. WILLIAMS.

### No. 4014.

Court of Civil Appeals of Texas. Beaumont.

Sept. 16, 1942.

Sharfstein, Bell & Weinert, of Beaumont, for appellant.

J. R. Beck, of Beaumont, for appellee.

WALKER, Chief Justice.

Appellant's motion for rehearing is granted, and the original opinion withdrawn. This was an action in the county court at law of Jefferson county, by appellee, L. A. Williams, against appellant, Julius Gordon, for the balance due on an account of hire. The judgment in the court below was in favor of appellee against appellant for the amount sued for. The point presented arises on the construction of Rule No. 169, Texas Rules of Civil Procedure. Under this rule appellee propounded to appellant twelve interrogatories which he declined to answer. The interrogatories were on the very points put in issue by appellee's petition. On appellant's refusal to answer, appellee, under Rule No. 169, was given judgment, without the introduction of any evidence for the amount sued for. Within about two hours after the judgment was rendered, and before it was prepared, appellant came into court and tendered written answers duly verified to all of appellee's interrogatories, and moved for a new trial. The motion was overruled.

It affirmatively appears that appellee would have suffered no injury had appellant been granted a new trial; he could

have had a trial at once on the merits and no delay would have resulted to him.

It is our conclusion on this rehearing that the court erred in overruling appellant's motion for a new trial and in refusing to receive his sworn answers to the interrogatories. The liberal doctrine announced by our Supreme Court in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, compels this conclusion. Appellant had duly answered appellee's petition, and certainly he was in no worse condition on the facts of this case than if judgment had been against him by default. Rule No. 169 will perform a most useful office in our jurisprudence, provided it is wisely administered. It should not be so construed as to give one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.