**MASTEN et ux. v. GOWER et al.**

No. 14456.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 27, 1942.

E. D. Hurt and Esir Tobolowsky, both of Dallas, for appellants.

Wm. C. Culp and L. V. Henry, Jr., both of Gainesville, for appellees.

McDONALD, Chief Justice.

This suit was brought to recover judgment against Viola Gower, who had been abandoned and deserted by her husband for many years prior to the suit. Although the husband was made a party defendant, all parties to the suit appear to have treated Viola Gower as the only defendant in interest, and the plaintiffs only sought judgment against her.

This appeal, in view of the disposition made of it, involves only a construction of Rule No. 169, Texas Rules of Civil Procedure, governing requests for admissions of facts and of genuineness of documents.

Plaintiffs' counsel sent a request for admission of certain facts to the defendant Viola Gower by registered mail. Defendant received the request on January 22, 1942. On January 27th defendant filed a motion requesting the trial court to allow her an additional ten days within which to answer the request. No notice of the application for extension of time was served upon the plaintiffs, nor does it appear to have been called to the attention of the trial court until the cause came on for trial in May. On May 13th, during the progress of the trial, the trial court permitted said defendant to file a denial of the facts which were requested to be admitted. Upon a jury verdict favorable to the defendant, the trial court rendered judgment denying the plaintiffs any recovery.

The plaintiffs have appealed, contending that the trial court had no authority under the circumstances detailed above to allow the defendant to reply to the request for admissions more than three months after the time stipulated in Rule 169.

In our judgment appellants' contentions must be overruled for two reasons: First,

we believe that it was within the discretion of the trial court to permit the denial to be filed. Second, if the trial court committed any error, it was a harmless one.

 The request for admissions served upon defendant warned her that she must answer within ten days after service of the request upon her. Rule 169 provides that the matters of which an admission is requested shall be deemed admitted unless the party answers the request, to quote the rule, "within a period designated in the request, not less than 10 days after delivery thereof or within such further time as the court may allow on motion and notice". While not controlling our determination of this case, we incline to doubt if the request served upon defendant gave her the full time allowed by the rule. The request served upon her appears to require her to answer within ten days, which means less than ten days. The rule appears to allow ten full days before answer is required.

Even if her application filed on January 27th sought an extension of only ten days, she made oral application to the court at the time of trial to be allowed to answer the request. The plaintiffs were present when the application was made, had knowledge of it, and protested the granting of it. The trial court thereupon granted her leave to answer the request for admissions.

 The success of pretrial methods of procedure depends much upon the attention, cooperation and discretion of the trial judge. Unless the trial judge is allowed wide latitude with respect to the mechanics of such procedure, and unless he exercises his discretion wisely, litigants and their attorneys will hesitate to avail themselves of the benefits of such procedure, and will not cooperate with the trial court in disposing of issues not actually in dispute, before the trial of the case upon its merits. The underlying philosophy of pretrial procedure is that the litigants, their attorneys and the trial court shall in an informal manner approach each other and seek by fair and open methods to find the grounds upon which they differ, and those upon which they do not differ. The ultimate object of these and all other rules of procedure is to afford litigants fair trials upon which their controversies may so far as is reasonably possible be disposed of only upon their merits.

 This court has held that a failure to answer at all has the effect of a judicial admission, which cannot be controverted upon the trial. Perry Masten v. Lewis Masten, Tex.Civ.App., 165 S.W.2d 225. But in the present case the defendant did answer, upon permission granted by the trial court. We are not able to perceive any error in the action of the trial court.

 But if the trial court committed error, appellants have failed to show that they suffered any injury from the delay in filing the answer to the request for admissions. They have not shown that they are in any different position than they would have been if the answer of the defendant to the request for admissions had been filed immediately after it was served upon her.

Our holding is in harmony with that of the Beaumont Court of Civil Appeals in Gordon v. Williams, 164 S.W.2d 867.

The judgment of the trial court is affirmed.