**DURRETT et al. v. BOGER.**

No. 6530.

Court of Civil Appeals of Texas. Texarkana.

Nov. 16, 1950.

Lanham Croley, Thompson, Knight, Wright, Weisberg & Simmons and Sol Goodell, all of Dallas, Frank C. Bolton, Jr., J. N. Saye, H. P. Smead, Smead & Harbour, and J. T. Harris, all of Longview, Ben Goodwin, of Tyler, and Walter N. Jones and Jones & Jones, all of Mineola, for appellants.

Booth, Lockard & Jack, Shreveport, La., W. Edward Lee, L. L. James, Tyler, for appellee.

WILLIAMS, Justice.

Appellee, Curen Boger, the plaintiff below, in this action against many defendants, seeks a recovery of an undivided $\frac{1}{8}$ interest in 101 acre tract of land out of the J. P. Moseley H. R. in Wood County and a like interest in the oil produced therefrom. The term "defendants" so used in the discussion to follow is intended to mean

and to include only R. Lacy, individually, and as trustee, and such others who answered with defensive pleadings and have appealed and not those who were severed out, disclaimed or made default.

After pleading a trespass to try title action under Rule 783, Texas Rules of Civil Procedure, plaintiff alleged in the second count of his petition that J. W. Durrett and R. Lacy, individually and as trustee, did by and through their agents on March 4, 1945, by fraudulent representations, procure from plaintiff a deed to the land in controversy and sought to have such deed cancelled because of the alleged fraudulent representations.

On January 20, 1950, the date a summary judgment for plaintiff for the interest and relief was entered and at all times during the pendency of this suit in the trial court, Rule 169, Texas Rules of Civil Procedure, pertinent to the points presented, reads: "At any time after the defendant has made appearance in the cause, or time therefor has elapsed, a party may deliver or cause to be delivered to any other party or his attorney of record a written request for the admission by such party of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth by the request. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters. * * *"

After the defendants had made appearances by filing their respective answers setting up various defenses, plaintiff through his attorneys delivered in December, 1946, to each attorney for the respective defendants a request for admission of 152 facts. In response thereto each of the defendants timely delivered their respective answers to the request for admissions. Plaintiff complied with all the provisions of Rule 169, supra, with respect to this demand for admissions. With respect to their answers returned in response to the demand for admissions, each defendant complied fully with the provisions of this rule with the exception as later herein pointed out.

On December 27, 1949, the date this cause was called for trial, the court disposed of certain defendants by dismissals or severances. Plaintiff then filed a motion for summary judgment grounded upon the asserted failure of defendants to make sworn answers to plaintiff's demand for admissions. The motions of defendants for leave to amend their respective answers to plaintiff's demand for admissions and in the alternative for an order extending the time for filing same to December 28, so they might be filed on the latter date were overruled. Plaintiff then introduced in evidence on December 28, his demand for admissions together with the 152 facts inquired about therein. The purported affidavits to the answers to the demand for admissions were also introduced in evidence for the limited purpose of showing they were defective and not in compliance with Rule 169, supra. The court concluded that none of the answers to requests for admissions were "sworn to" in accordance with the rule and found the 152 facts set out in the judgment as admissions by the defendants. Based upon such conclusions of law and findings of fact the court granted the motion for summary judgment decreeing that the deed from plaintiff to J. W. Durrett and the deed from the latter to R. Lacy, be both cancelled and that plaintiff recover the title and possession of the interest sued for.

Each answer to the demand for admissions was made by an attorney for the respective defendants and, as stated in the respective affidavits, was made on "information and belief," but further stating that af-

fiant "had familiarized himself with the facts essential to making truthful answers and that he knows, or upon information believes the truth of the matters stated above"; or that affiant "had familiarized himself with available facts, and the answers are true and correct so far as he knows or believes, and he believes them to be true"; or that from affiant's own knowledge and upon information which he has been able to obtain he believes the matters in such answers are true and correct.

It is to be observed that Rule 169, supra, requires a *"sworn statement"* similar in effect to the phrase *"in writing and sworn to"* as used in Rule 86, T.R.C.P., with respect to a plea of privilege. Under Rule 682, T.R.C.P., the *petition* for a writ of injunction is required to be *verified by affidavit* of applicant setting out a plain and intelligible statement of the grounds for relief. It is settled under our Texas decisions that an affidavit on information and belief are insufficient to meet the requirements of Rules 86 and 682. Rule 93, T.R.C.P., which deals with certain pleas to be verified, begins with the general heading that "a pleading setting up any of the following matters, unless the truth of such matter appear of record, shall be *verified by affidavit.*" (All italics ours). The use of the phrase "verified by affidavit" in this rule discloses the intent that the denial of facts mentioned therein should be positive. Otherwise it was unnecessary to qualify such term by the provisions in Secs. (h), (i) and (n) (7) of said Rule 93, that in such instances the denial could "be made on information and belief." Federal Underwriters Exchange v. Hinkle, Tex.Civ. App., 187 S.W.2d 122, 126. Rule 169, supra, requires each matter shall be *specifically* admitted or denied. It further provides that the affiant shall set forth in detail why he cannot *truthfully admit or deny.* The construction placed by our Texas courts upon the phrases "in writing and sworn to" or "verified by affidavit" as used in Rules 86 and 682, supra, in the absence of any qualification or modification of the phrase "sworn statement" in Rule 169, supra, which could have been enacted as in Rule 93, supra, sustains the action of the trial court, concurred in here, that an affidavit made on information and belief is insufficient to meet the requirements of Rule 169, supra.

Defendants' answers to the demand for admissions which were timely returned, had been in possession of plaintiff for several years and were in his possession in March, 1948, when after proceeding to trial then the cause was continued on account of the discovery of the death of a defendant after some record evidence had been introduced. The alleged insufficiency of the affidavits was not raised then. This factor is to be considered in the disposition of the court's action in refusing to grant defendants' motion for leave to amend and file such amended affidavits as the court may deem proper and necessary, or in the alternative to grant defendants an extension of time to December 28, so as to file their answers on such date. The trial judge found there "was no issue of good faith or bad faith presented; and that defendants' good faith is not questioned in any matter presented to the court." It was the court's conclusions that the answers could not be amended "after the time to eliminate the vice of the lack of a proper affidavit because to permit that to be done would emasculate the rule and make it ineffective."

We are of the opinion that the learned trial judge was in error under such literal construction of the rule. No complaint is made that any of the answers were evasive. The record reflects the absence of any intent on the part of defendants to evade any requirement of this rule. The alleged insufficiency of an affidavit to meet the requirements of "sworn statement" as contemplated under this rule had never reached our courts for decisions. We cannot escape the impression that the affidavits in question are in the twilight zone within the meaning of "sworn statements." Based upon these observations we are of the opinion and so conclude that defendants' motions for leave to file amended affidavits to the respective replies to the demand for admissions should have been granted by reason of the intent and objec-

tive of Rule 1, T.R.C.P., and the provisions of Rule 5(b) which read:

Rule 1: "Objective of Rules. The proper objectives of rules of civil procedure are to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

Rule 5, supra: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; * * *."

This liberal construction of Rule 169 under the application of Rules 1 and 5, supra, here applied, finds support in Masten v. Gower, Tex.Civ.App., 165 S.W.2d 901; Texas Indemnity Ins. Co. v. Halliburton, Tex.Civ.App., 209 S.W.2d 775; Sanders v. Harder, Tex.Sup., 227 S.W.2d 206; Gordon v. Williams, Tex.Civ.App., 164 S.W.2d 867; and McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144. As stated in Sanders v. Harder, supra [227 S.W.2d 208]: "The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense."

And further applicable to the present record, it is stated in Gordon v. Williams, supra [164 S.W.2d 868]: "Rule No. 169 will perform a most useful office in our jurisprudence, provided it is wisely administered. It should not be so construed as to give one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence."

█ It was unnecessary for appellants to incorporate in the transcript of 366 pages various duplicates of the lengthy demand for admissions and certain motions and orders not pertinent to the issues presented on appeal. Hence, one-half of the costs of the transcript will be assessed against the appellants.

Conclusions above reached render unnecessary a discussion of the other points presented.

The judgment of the trial court is reversed and the cause is remanded.