**G. P. SMITH et ux., Appellants,**

**v.**

**The CITY OF DALLAS, Appellee.**

**No. 16736.**

Court of Civil Appeals of Texas.

Dallas.

June 10, 1966.

Rehearing Denied July 8, 1966.

Harris, Anderson, Henley, Shields & Rhodes and C. A. Searcy Miller, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, W. M. Taylor, Jr., and Robert Keith Drummond, Dallas, for appellee.

BATEMAN, Justice.

The appellants G. P. Smith and wife sued for damages on account of injuries sustained by Mrs. Smith on April 6, 1964, while a passenger in a bus owned and operated by the City of Dallas. Appellee filed a "Plea in Bar and Abatement" praying that the suit be abated, barred and dismissed because of appellants' failure to give the written notice required by Section 307 of the City's charter. The trial court held a preliminary hearing of this plea, at which he heard no testimony but considered only the written pleadings and briefs, and at the conclusion of which he sustained the "Plea in Bar and Abatement" and dismissed the action. Appellants appeal on six points of error.

■ By their first point of error appellants complain of the overruling of their motion to strike appellee's answers to appellants' Request for Admissions of Fact filed under Rule 169, Vernon's Texas Rules of Civil Procedure, because the answers were filed one day after the expiration of the time specifed in the request.

This matter was within the trial court's discretion, and there is nothing in the record to indicate the abuse of such discretion.

We find no authorities to support appellants' first point of error, and it is overruled on the strength of Gordon v. Williams, Tex.Civ.App., 164 S.W.2d 867, no wr. hist.; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124; Masten v. Gower, Tex.Civ.App., 165 S.W.2d 901, no wr. hist.; English Freight Co. v. Preston, Tex.Civ.App., 203 S.W.2d 657, wr. ref. n. r. e.

By their points of error two through six appellants contend that the court erred in sustaining appellee's "Plea in Bar and Abatement," thus holding as a matter of law, without hearing any evidence, that appellee had not waived the notice requirement contained in its charter and was not estopped to raise the provision as a defense, and in holding that no fact issue was raised in connection with the matter of waiver or the matter of estoppel.

■ Section 307 of appellee's charter provided that the City of Dallas shall never be liable for any personal injury unless notice in writing on behalf of the injured person is filed with the City Manager or City Secretary within thirty days, giving the details of the injury and the amount of damages claimed. Compliance with this and similar charter provisions has been held to be a condition precedent to a right of action for personal injuries. City of Dallas v. Shows, Tex.Com.App., 212 S.W. 633; City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365, wr. dism., and Kelley v. City of Austin, Tex.Civ.App., 268 S.W.2d 773, no wr. hist.; City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Phillips v. City of Abilene, Tex.Civ.App., 195 S.W.2d 147, wr. ref.; Wones v. City of Houston, Tex.Civ.App., 281 S.W.2d 133, no wr. hist.

■ It is well settled, however, that a municipal corporation may waive its rights under such a charter provision, and that it may also be estopped from relying thereon. Cawthorn v. City of Houston, Tex.Com. App., 231 S.W. 701; City of Waco v. Thralls, Tex.Civ.App., 172 S.W.2d 142, wr. ref. n. r. e.; City of El Paso v. Pan American Supply Co., Tex.Civ.App., 251 S.W.2d 742, wr. ref. n. r. e.; City of Beaumont v. Silas, Tex.Civ.App., 200 S.W.2d 690, 696, wr. ref. n. r. e.; Mouille v. City of Port Arthur, Tex.Civ.App., 164 S.W.2d 219, no wr. hist.; Cruise v. San Francisco, 101 Cal. App.2d 558, 225 P.2d 988.

Appellants filed an amended petition and a special answer to the plea in abatement, in both of which they admitted that the provision of the charter had not been complied with but alleged, as an excuse for such noncompliance, that one Walsh, an agent, servant or employee of the City and acting in the course and scope of such employment, within thirty days after the accident, investigated the appellants' claim, took a written statement from Mrs. Smith, received copies of all medical reports concerning her injuries, told appellants that it was his desire to settle their claim in a "Christianlike manner," did not apprise appellants of the notice requirement of the charter, and thus lulled them into a feeling of security; that such conduct of Walsh constituted a waiver by the City of the charter provision and, since appellants were prevented thereby from complying with the charter, that the City is estopped to raise their noncompliance as a defense.

By a sworn supplemental plea in bar appellee denied that Walsh was the City Manager, or City Secretary, or even an employee or agent of the City of Dallas or its "Dallas Public Transit Department," during the thirty days following the accident, but was an agent and employee of Transit Casualty Company (which was the City's liability insurance carrier), and was never authorized by the City or its Manager or Secretary to receive notice under Section 307 of the charter or to waive the requirements thereof.

Issues of fact were thus joined on the pleas of waiver and estoppel. An affidavit of Mrs. Smith was filed, together with certified copies of certain ordinances of the City of Dallas, but no testimony was heard. The court evidently disposed of the matter in the same manner as if it were a

summary judgment proceeding under Rule 166–A, T.R.C.P. In this we think he committed error.

 Regardless of the label placed thereon by the pleader, the plea was actually one in bar rather than in abatement. It sought a ruling that appellants, not having alleged compliance with the charter provision, and being unable ever to prove compliance, could never recover. 1 Tex.Jur.2d, ABATEMENT AND REVIVAL, § 4, p. 20; Couger v. Allen, Tex.Civ.App., 25 S.W.2d 666, no wr. hist.; Pucek v. Koppa, Tex.Civ.App., 32 S.W.2d 248, no wr. hist. As such, it should not have been disposed of on the pleadings, affidavits, certified copies of ordinances and arguments of counsel unless this manner of disposition had been previously agreed to by the parties. As said by Mr. Justice Garwood, speaking for the Supreme Court in Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, 214:

"* * * defenses 'in bar' are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present. The practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged."

In City of Denton v. White, Tex.Civ. App., 179 S.W.2d 834, wr. ref. w. m., the Fort Worth Court of Civil Appeals had before it a quite similar situation to that shown here. The City of Denton filed what it called a "plea in abatement," setting up the failure to give the required notice. As in the case at bar, the claimant White had alleged certain facts to relieve him from the consequences of his failure to give notice. The trial court overruled the "plea in abatement," then went fully into the matter upon the jury trial, and issues touching the matter were submitted to the jury and answered favorably to White. The Court of Civil Appeals said: "It seems to us that the matter set up in the plea in abatement was not a matter in abatement, but was rather a matter in bar, which properly was determined upon the trial on the merits."

We have examined the record carefully and conclude therefrom that appellee's "Plea in Bar and Abatement" cannot be interpreted or considered as a motion for summary judgment. Neither it nor the papers filed in response to it meet the requirements of Rule 166–A, T.R.C.P. No agreement to do so having been shown, there was no warrant for this summary disposition of a plea in bar.

For the reasons hereinabove given, we sustain appellants' points of error two through six. The judgment appealed from will be reversed and remanded.

Reversed and remanded.