**G. P. SMITH et ux., Lucy W. Smith, Appellants,**

**v.**

**The CITY OF DALLAS, Appellee.**

**No. 17010.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 9, 1968.

Rehearing Denied March 15, 1968.

C. A. Searcy Miller, of Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellants.

H. P. Kucera, of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

This is a suit for damages for personal injuries alleged to have been sustained by appellant Mrs. Lucy W. Smith on April 6, 1964 while she was a passenger on a bus owned and operated by the appellee City of Dallas. Appellee moved for summary judgment on the ground that appellants had not complied with Section 307 of the City Charter, providing that appellee shall never be liable for any personal injury unless notice thereof in writing shall be filed with its City Manager or City Secretary within thirty days, stating where and how the injury occurred and the amount of damages claimed.

Appellants asserted in answer to the motion that there were genuine issues of material facts, not only as to liability, but also as to whether appellee has waived, or is estopped to assert, its rights under said charter provision. They do not attack the validity of the charter provision, and they admit the notice specified therein was not given. They rely wholly upon their pleas of waiver and estoppel. On a former appeal in this case, we held that a municipality may waive its rights under such a charter provision and also be estopped from relying thereon, but that these fact issues could not be summarily disposed of as a matter of law, by sustaining a plea in bar, on affidavits and certified copies of ordinances "as if it were a summary judgment proceeding under Rule 166–A, T.R.C.P." unless such manner of disposition had previously been agreed to by the parties. Smith v. City of Dallas, 404 S.W.2d 839 (Tex.Civ.App., Dallas 1966, no writ).

Appellee then filed its motion for summary judgment supported by affidavits of its City Manager and City Secretary stating that no notice of the injuries claimed here was ever filed with either of them. The City Manager also swore in his affidavit that from immediately prior to April 6, 1964 until he resigned as City Manager in June, 1966 the City of Dallas did not have a Mr. Walsh in its employ in the maintenance and operation of its bus system, which it purchased as of January 1, 1964, the significance of which will appear in the next succeeding paragraph.

The appellants' deposition and affidavit testimony was to the effect that on the day of the accident Mr. Smith telephoned the "Dallas Transit Company" to report the accident, and on the next day talked to one R. W. E. Walsh, a claims agent "of either the Dallas Transit Company or Transit Casualty Company," who subsequently investigated the accident and took a written statement of Mrs. Smith; that Mrs. Smith was hospitalized for her injuries by Dr. Callewart and that during April and May, 1964 copies of medical re-

ports on her were sent to "Dallas Transit Company"; that Walsh met with appellants on more than one occasion for the purpose of investigating and substantiating their claim, representing to them that their claim would be handled in a "Christianlike manner" and subsequently lulled appellants into a sense of security; that they contacted their attorney in May, 1964, when they were told for the first time of the 30-day notice provision of the Dallas City Charter. Walsh did not represent to them that he was an employee or agent of the City of Dallas.

 It is apparent from the entire record before us and the briefs and oral arguments of the parties that Walsh was a claims adjuster for Transit Casualty Company, appellee's liability insurer. Viewing the evidence in the light most favorable to appellants and disregarding any conflicts in the evidence and accepting as true all evidence tending to support the position of appellants, in accordance with the rules announced by our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965), we cannot escape the conclusion that appellee has carried its "negative burden" * of showing as a matter of law that it has a complete defense to appellants' cause of action. It remains, then, to determine whether appellants have shown the existence of a fact issue as to whether appellee has waived such defense or is estopped to assert it.

 Appellants' evidence failed to show that Walsh said or did anything that could be interpreted as a waiver by the City of the notice provision of its charter, even if he had been an employee of the City. It was not even discussed; in fact, the record does not show that Walsh was even aware of the provision. It is generally held that waiver occurs only when one *intentionally* relinquishes a *known* right. 60 Tex. Jur.2d, Waiver, § 1, p. 182; Ford v. Cul-

bertson, 158 Tex. 124, 308 S.W.2d 855 (1958).

Moreover, he was not shown to have had any authority to waive any of the city's ordinances or charter provisions. It has been held that even the mayor, or city manager, or members of the governing body of a city cannot waive such a charter provision unless they are specifically authorized to do so. Phillips v. City of Abilene, 195 S.W. 2d 147 (Tex.Civ.App., Eastland 1946, writ ref'd); Hallman v. City of Pampa, 147 S.W.2d 543 (Tex.Civ.App., Amarillo 1941, writ ref'd). Certainly Walsh, who had no authority to do anything except investigate and attempt to settle claims for the insurance company which employed him, would have no such power.

 Since Walsh had no authority to waive the charter provision in question, the city would not be estopped by anything said or done by him from insisting upon its rights thereunder. Appellants had not right to rely on his statements as in any way binding on the city, or to say now that they were "lulled" by such statements, or by Walsh's failure to tell them of the charter requirement in question, into refraining from giving the notice, for they admit they knew nothing of the charter requirement, and Walsh owed them no duty to inform them thereof or to advise them to employ an attorney. Phillips v. City of Abilene, supra, and Hallman v. City of Pampa, supra, both of which were approved and followed by the Supreme Court in City of Houston v. Hruska, 155 Tex. 139, 283 S.W.2d 739 (1955). See also Hayes v. Chicago Transit Authority, 340 Ill.App. 375, 92 N.E.2d 174; O'Connell v. City of Cambridge, 258 Mass. 203, 154 N.E. 760; Fisher v. City and County of Denver, 123 Colo. 158, 225 P.2d 828, 23 A.L.R.2d 963.

Our attention has not been called to any Texas decision (and we know of none) involving the specific question of whether a city may be held to have waived the defense

* Neigut v. McFadden, 257 S.W.2d 864, 868 (Tex.Civ.App., El Paso 1953, writ ref'd n.r.e.).

of lack of notice, or be estopped to assert it, because of statements made by a claims representative of its insurance carrier. However, the precise question has been determined by appellate courts of other states, and our conclusion herein is supported by those decisions. See Heck v. City of Knoxville, 249 Iowa 602, 88 N.W.2d 58 (1958); Forseth v. City of Tacoma, 27 Wash.2d 284, 178 P.2d 357 (1947); Kirchmann v. City of Anaheim, 289 P.2d 817 (Cal.Dist. Ct. of App.1955); and Town of. Miami Springs v. Lasseter, 60 So.2d 774 (Fla.1952).

Appellants point to certain Dallas city ordinances creating and setting forth the duties, powers and functions of the "Transit Board," and giving it authority to make its own rules and to "manage and conduct the affairs of the Transit System with the same freedom and in the same manner ordinarily employed by the board of directors of a private corporation." However, these ordinances throw no light on the subject. There was no showing that the Transit Board empowered Walsh to act for it or for the City, or that any officer or employee of the Board said or did anything which could be interpreted as a waiver by the City of any of its rights, or which could in law estop the City from insisting on those rights.

Appellants cite City of El Paso v. Parish, 293 S.W.2d 201 (Tex.Civ.App., El Paso 1956, writ ref'd n. r. e.), but in that case the judgment for the injured plaintiff was reversed and rendered and the El Paso court held that only the mayor or city council, or someone by their authority, would have authority to waive the provisions of an ordinance requiring notice of injury within thirty days, that any such authorized acts would have to be done with the intent that they would constitute a waiver of the provision, and that for the city to be estopped from insisting thereon it would be necessary to show that the authorized acts and conduct *of the city* during the thirty-day period were such as to lead the claimant to believe that there was no need for him to file the written notice, and that in reliance upon such conduct *of the city* he did not file same. This supports our view. We do not consider any of the other cases cited by appellants to be in point.

For the reasons herein given, we think the summary judgment was correct.

Affirmed.