**C. A. REAVES, Appellant,**

v.

**Edward BROOKS, Edwin Brooks, Ronnie Brooks & Donnie Brooks, Minors By & Through their next Friend, C. G. White, Appellees.**

**No. 7844.**

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1968.

Rehearing Denied June 17, 1968.

928

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, J. Hadley Edgar, Jr., Amarillo, of counsel, for appellant.

Dean Dunlap and Joseph H. Pool, Amarillo, for appellees.

CHAPMAN, Justice.

This is in lieu of our opinion announced on April 29, 1968.

On July 19, 1967, Sheldon Spencer, a truck driver employee for defendant, C. A. Reaves, of Collin County, Texas, was crossing Amarillo Blvd. East on Evergreen in the City of Amarillo when an automobile being driven by William Isaac Allen collided with the Reaves' truck, striking it " * * * right in front of the rear duals on the trailer" and about 20 feet from the front fender of the cab. Allen, the driver, and Wanda Lou White Brooks, a passenger in the Allen driven automobile, were killed by the impact. Suit was filed against C. A. Reaves by the four minor children of Mrs. Brooks, deceased, through their uncle and next friend, C. G. White.

Defendant Reaves filed his plea of privilege to be sued in his domiciliary county. Plaintiffs controverted, alleging Exceptions 9 and 9a, Art. 1995,[1] to the right of defendant to be sued in the county of his residence.

1. All article references are to Vernon's Annotated Civil Statutes.

In a trial to the court the plea was overruled. Appeal is perfected upon points urging no evidence and factually insufficient evidence to sustain venue in Potter County under any subdivision.

Plaintiffs alleged (1) improper lookout; (2) improper control; (3) failure to yield the right-of-way; (4) failure to stop in obedience to a stop sign; (5) failure to stop the truck prior to striking the automobile; (6) failure to stop the truck when approaching a stop sign; and (7) driving the truck into the path of the automobile.

■ There is not a scintilla of evidence of negligence or proximate cause under allegations (2), (4) and (6). Since the evidence is without contradiction that the car struck the truck instead of the truck striking the car, there is not any evidence to support allegation (5). This leaves improper lookout, failure to yield the right-of-way and driving the truck into the path of the automobile.

■■ All appellees proved was that the truck had the three lanes on the right side of the highway blocked while in the process of turning out of the intersection to go east when the collision occurred, and that " * * as far as we could tell" the truck driver never saw the car before the collision. The witness was not at the scene of the collision until after it happened and did not talk to anyone who was except the truck driver. No effort was made to prove any facts known by Spencer; he was not used as a witness, and so far as the record shows his deposition was not even taken. There were not any skid marks by any vehicle before the car hit the truck. The statement that the truck driver never saw the car before the collision "as far as we could tell" is no probative evidence of negligence in the absence of some probative evidence as to how the witness could tell. The burden was not on defendant to prove that Spencer was keeping a proper lookout. The burden was upon plaintiffs to prove by a preponderance of the evidence[2] he was not keeping proper lookout.

■ Though appellant's petition and controverting affidavit allege Exception 9, Art. 1995, that exception does not appear to have been pursued any further. There clearly is not any probative evidence to establish any alleged crime or trespass as an exception under Art. 1995. Our Supreme Court has held: "Plaintiffs were required to prove 'that the crime * * * was in fact committed and that it was committed in the county where the suit is pending,'" citing Compton v. Elliott, supra.

■ "A 'trespass,' within the meaning of subdivision 9 of R.S. Art. 1995, includes injuries to persons or property resulting from wrongful acts, either wilfully inflicted or the result of affirmative, active negligence upon the part of the wrongdoer, as distinguished from injuries that are the result of a mere omission of duty." City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W. 2d 466 (Tex.1943), citing Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (Tex.1938); Connor v. Saunders, 81 Tex. 633, 17 S.W. 236 (1891).

Where a truck was traveling at a slow rate of speed while proceeding through an intersection, the driver of an automobile was a half block away and traveling only thirty miles an hour but within 25 yards of the truck when he saw it and applied his brakes, yet struck the rear end of the truck after it was practically across the intersection, the Waco Court of Civil Appeals has held an action could not be maintained against the nonresident owner of the truck under Exception 9. R. P. Lightfoot Co. v. Hart, 224 S.W.2d 726 (Tex.Civ.App.–Waco, 1949, writ dism'd). Our case is obviously much stronger for the defendant than the case just cited. There is not any probative evidence that the truck was not moving in the process of making its turn out of

---

2. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

the intersection. We, therefore, hold that the evidence did not bring the case within Exception 9.

Exception 9a requires that a plaintiff in order to sustain venue in a county other than that of defendant's residence, *must establish by a preponderance of the evidence*[3] the three requirements listed under said exception.[4]

■ Our Supreme Court has established a distinction between prima facie proof and proof in the ordinary manner, or, as stated in Compton v. Elliott, supra, " * * * that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence." The Court in the case just cited, an Exception 9 case, said:

"His position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner, but merely to introduce enough evidence to prove them prima facie, * * *

"This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. * * * plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence.

* * * * * *

" * * * the truth [of the fact or] facts in issue is ascertained by the introduction and weighing of evidence offered by both parties."

The above quoted rules are re-affirmed by the Supreme Court in Banks v. Collins, supra, another Exception 9 case. In those two cases the pleas of privilege were sustained by the trial court, whereas in ours it was denied.

■ A plaintiff must prove by a preponderance of the evidence one or more of the grounds of venue alleged in his controverting affidavit in an Exception 9 case. Compton v. Elliott, supra, and Banks v. Collins, supra. A fortiori he would surely be required to do so in an Exception 9a case which statutorily requires such proof. Ours is clearly a 9a case for the reasons heretofore stated.

Defendant offered no witness of his own but on cross examination when the investigating officer was asked: "Now, based upon the damage and the other physical facts that you found at the scene, you estimated the speed of the truck at the time of the impact to be somewhere between 5 and 10 miles an hour, didn't you?" he answered: "Right, yes, sir." To the same type question which asked him if he estimated the speed of the automobile at 50 or 55 miles an hour, he answered: "Yes, sir. It was nothing that we could measure or base our opinion on. We just determined that from the damage. We have no physical evidence to base our opinion on." The witness then testified affirmatively to a question which asked him if that meant the autmobile was traveling in the neighborhood of five times as fast as the truck.

The only fair interpretation that could be made of such answers is that the witness had no skid marks to measure as physical evidence to show the speed of the vehicles at the time of the collision. Though the physical condition of the vehicles is obviously physical evidence, the witness apparently was not so interpreting his testimony.

Other physical facts testified to by Sgt. Granger were that Mrs. White's " * * * head was pretty well mashed up and her left arm was almost severed just above the elbo here, and she was mashed down in the right front"; that she was dead upon ar-

3. All emphases are ours unless otherwise shown.

4. 1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant in person, or that of his servant, agent or representative acting within the scope of his employment.
3. That such negligence was a proximate cause of the plaintiff's injuries.

rival by the officer; that the front lights of the car were crushed by the impact; the tail lights were not on and that he never found anything in his investigation to indicate the head lights were on at the time of impact; that the lights on the truck, front, side and rear were burning; that the cab had already made its turn toward the east at the time of impact and was in a southeasterly direction with the car "* * * somewhere back over his right shoulder"; that the truck had traveled about 82 feet from the stop sign where it entered before the impact occurred.

Appellees by brief contend the testimony of Sgt. Granger with respect to speed and distances was hearsay, the trial court correctly disregarded it as incompetent and there was other competent evidence to sustain at least one of the acts of negligence alleged, which was a proximate cause of the collision.

A peace officer's opinion testimony has no probative value on speed, when based alone on damage resulting from a collision, in the absence of skid marks and a showing of qualifications as an expert to determine speed. Missouri Pacific Railroad Company v. Rose, 380 S.W.2d 41 (Tex.Civ. App.–Houston, 1964, writ ref'd n. r. e.); Union Bus Lines v. Moulder, 180 S.W.2d 509 (Tex.Civ.App.–San Antonio, 1944, n. w. h.). Since that showing was not made the officer's opinion as to speed and the distances separating the vehicles at the time the truck entered the intersection was not admissible.

The Supreme Court of Texas in answering "certified question No. 1" in Banks v. Collins, supra, held "* * * wherein the contention is made as it has been here that there is no evidence supporting the implied finding of fact in favor of the successful party by the trial court, the Court of Civil Appeals is required to follow the rule, which, in effect, says: If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding."

When we discard all adverse evidence and look only to that favoring the plaintiffs, all we have is that the truck at the time the automobile ran into it had the three lanes on the south side of Amarillo Blvd. blocked. Under the record here that fact alone is not any probative evidence of negligence of the truck driver which was a proximate cause of the collision. Venue must be established by affirmative evidence. It cannot be established by implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S. W.2d 825 (1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948), and the mere fact that an accident or collision occurred is not of itself evidence of negligence. Rankin v. Nash-Texas Company, 129 Tex. 396, 105 S.W.2d 195 (1937); Phillips v. Citizen's National Bank, 15 S.W.2d 550 (Comm.App., Sec. B, 1929); Wells v. Texas Pacific Coal and Oil Co., 140 Tex. 2, 164 S.W.2d 660 (1942).

Art. 6701d, Sec. 73(a) requires the driver of a vehicle at the entrance to a through highway to stop. There is not any probative evidence that Spencer did not. There is not any probative evidence from which an implied finding could be made that the car was approaching so closely as to constitute an immediate hazard, under the statute just named, at the time the truck entered the intersection. Certainly the truck could not have gained very much speed from a stop position while traveling 82 feet.

A recognized textual writer of automobile law and practice has said with respect to a motorist who has stopped before proceeding into a through street that he "* * * does not thereafter act at his peril in proceeding through the intersection, but is obligated to exercise ordinary care as to traffic on such street. *He has a right to approach carefully and enter the intersection, and other travelers, who at that late time are likewise proceeding toward the intersection*

932 ■

*must observe the qualified right-of-way of the vehicle already in the intersection."* That text writer also said: "The disfavored driver need not remain stationary until the road on both sides is completely free from traffic, and *if he has made his stop and deferred to all vehicles that would be required to go into a short or sudden breaking to avoid collision, the vehicle far enough away to have a clear margin to observe and make a smooth and safe stop are not an 'immediate hazard' and are required to yield to the driver already at the intersection."* 3 Blashfield, Automobile Law and Practice (3rd Edition) Sec. 114–100, Yielding Right of Way, pages 224–226.

The Supreme Court of Utah in construing a similar statute in Hickok v. Skinner, 113 Utah 1, 190 P.2d 514 (1948) has held where defendant's automobile approaching an intersection on a through highway 400 to 500 feet away when plaintiff's vehicle, after having stopped, attempted to cross the through highway, defendant's automobile, as a matter of law, was not so close as to constitute an immediate hazard.

■ The dominant purpose of Art. 1995 is to give the person sued the right to defend such suit in the county of his residence except under well-defined exceptions. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941); City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943).

Appellees rely on Cardinal Petroleum Corp. v. Robinson, 394 S.W.2d 556 (Tex. Civ.App.–San Antonio, 1965, no writ) and Wilkinson v. Lindsey, 321 S.W.2d 158 (Tex.Civ.App.–Amarillo, 1959, no writ). In the former, negligence on the part of the defendant was shown, the court having the prerogative of believing one witness as against another testifying to the contrary. Such is not the case here, nor is there contradictory evidence on speed and

distances given by the one witness who testified thereto. In the Wilkinson case our court said " * * * [i]f appellant had looked to the left when he reached the south edge of the freeway pavement, he would have observed the approaching cars on the Freeway approaching so closely as to constitute an immediate hazard." There is no such evidence in our case and the record is that no lights on the car, either on front or rear, were burning when the officer arrived, though the truck's lights were burning front, side and rear. There is not any evidence by which the trial court could have impliedly found that such lights were burning on the car before the collision, even though the evidence shows the front lights were crushed by the collision. So, the burden of proving by a preponderance of the evidence any ground of negligence alleged, and that it was a proximate cause of the collision, simply was not met.

Appellees contend by cross point that the court erred in overruling their motion to deem their requests for admissions admitted, citing McPeak v. Texas Department of Public Safety, 346 S.W.2d 138 (Tex.Civ.App.–Dallas, 1961, no writ). There the trial court found the responses were wholly evasive, the record showing by the exercise of diligence appellant could have found the information requested by inspecting the records of the Corporation Court of Dallas, where he lived and was tried.

■ In our case defendant lived in Collin County and the questions propounded which would have shown the truck driver negligent if answered affirmatively would have required answers involving incidents some 350 miles away. An answer to questions inquiring of the defendant if Spencer did not see the car prior to the collision; that the truck was traveling east; that Spencer drove the truck into the path of the car; and that there were lights on the streets in the area where the collision occurred would have had to be based on hearsay in the absence of proof

that defendant was at the scene of the collision immediately before it happened. The answers would have had to be based on information or belief, which is not sufficient under Rule 169, V.A.T.R. Durrett v. Boger, 234 S.W.2d 898 (Tex.Civ.App.–Texarkana, 1950, no writ); McIntire v. Sawicki, 353 S.W.2d 952 (Tex.Civ.App.–Eastland, 1962, writ ref'd n. r. e.).

The trial court is lodged with some discretion in refusing to deem the questions as answered. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (Tex.1950). We hold the trial court did not abuse its discretion.

None of the allegations of negligence and causation having been established in accordance with the rules required, the judgment of the trial court is reversed and rendered. The clerk will transfer the case to the District Court of Collin County.

In the event a writ should be granted and the Supreme Court should reverse, then we say if we reached appellant's point four on factually insufficient evidence we would hold the judgment is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust even if it could be said there is some evidence to support it.

The rules in considering factually insufficient evidence are established in such cases as King v. King, 150 Tex. 662, 244 S.W.2d 660 (1951) and Prewitt v. Watson, 317 S.W.2d 954 (Tex.Civ.App.–Amarillo, 1958, approved per curiam), Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d 815 (Tex.1959).

The only evidence from which an implied finding could have been made of negligence of the truck driver was that he had the east lanes blocked at the time of the collision in the process of making his turn to the east. The great wieght of the evidence, as heretofore discussed, shows he was properly and legally in the intersection and was guilty of no allegations of negligence which was a proximate cause of the collision.

Mr. Justice Calvert in his article in 1960 in 38 Texas Law Review, 361, titled "No Evidence" and "Insufficient Evidence" Points of Error in the first paragraph on page 371 stated:

"In order to avoid having the case returned to it for decision of an 'insufficient evidence' point if the Supreme Court should disagree with it on its 'no evidence' holding, a Court of Civil Appeals may, if it wishes, indicate that the 'insufficient evidence' point would be sustained if reached."