Myron O. BICKEL, Appellant,

v.

AMERICAN TRUST LIFE INSURANCE COMPANY and T. K. Pennell, Appellees.

No. 4460.

Court of Civil Appeals of Texas, Eastland.

June 18, 1971.

Rehearing Denied July 23, 1971.

Jamail & Gano, John Gano, Houston, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, H. Dustin Fillmore and Elmer H. Parish, Wichita Falls, for appellees.

WALTER, Justice.

Myron O. Bickel filed suit against American Trust Life Insurance Company and Truman K. Pennell for damages for tortious interference by Pennell with a contract between Bickel and American and against American for its derivative responsibility for Pennell and for American's alleged breach of the contract. Bickel has appealed from an adverse judgment.

The contract, executed December 1, 1967, between Bickel and American was for the purpose of developing insurance sales in connection with "Self-Employed Individual pension plans qualified under HR–10".

The jury found that Bickel represented to American that Texas Bank and Trust was the only bank that was legally capable of acting as trustee for split-funded HR–10 business; that American relied upon such representation; that Bickel made such representation to induce American to enter into the contract; that such representation was untrue; that Bickel represented that American could place all of its HR–10 business through the Texas Owners Employees Association and the Texas Bank and Trust; that such representation was relied upon; that Bickel made such representation to induce American to enter into the contract; that such representation was untrue; that Bickel represented to American that the Texas Owners Employees Association was essential and necessary in writing the split-funded HR–10 business; that American relied on such representation; that such representation was made to induce American to enter into the contract, and that such representation was untrue. The jury also found that at the time Bickel made the three untrue representations, he believed them to be true and that American and Pennell believed such representations to be true. American pleaded that the contract was fraudulently induced by false representations and that in the alternative there was a mutual mistake with regard to such representations. In Earp v. First State Bank of Abilene, Tex.Civ. App., 356 S.W.2d 178 (writ ref. n. r. e.), the court said:

"A mutual mistake concerning a material fact does constitute a ground for avoiding a contract but the mistake must be mutual rather than unilateral. 13 Tex. Jur.2d 476; Sun Oil Company v. Bennett, 125 Tex. 540, 84 S.W.2d 447."

Appellant contends that Bickel's representations to American were issues on evidentiary matters and were not ultimate issues of fact. In Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (Sup.Ct.1940), the Court said:

"The terms 'ultimate issues,' 'ultimate facts,' 'essential facts,' 'essential issues,'

and 'controlling issues' are frequently used synonymously. An ultimate fact is one essential to the right of action or matter of defense. If an ultimate fact is involved in a case, which is essential to the claim or defense, and is necessary to form the basis of a judgment, it is the duty of the court to submit such issue for determination by the jury. On the other hand, it is not necessary to submit a special issue where it does not call for the determination of some ultimate fact necessary to form the basis of a judgment, as where it relates to subordinate facts to be considered in determining ultimate facts, and necessarily embraced in the determination of the ultimate fact issue. In other words, only controlling issues should be submitted."

■ We find that these special issues submitted ultimate issues of fact essential to American's defense. The defense of mutual mistake was properly pleaded, and we find some evidence to support the findings of the jury that the contract was entered into as a result of a mutual mistake of a material fact which related to the subject matter of the contract. H. Petrey v. Buckner, Tex.Civ.App., 280 S.W.2d 641 (writ ref. n. r. e.).

■ Bickel contends the court erred in refusing to receive in evidence as admitted his request for admissions. He contends his request for admissions should have been deemed admitted because the answer to the request was filed one day late, having been filed on May 2, 1969. The trial did not begin until June 22, 1970. The request for admissions and the reply thereto do not appear in this record. The statement of facts reveals that Bickel's attorney informed the trial court that the reply to all of the requests for admissions were signed by and sworn to by the Vice-President of American in which she stated: "The defendant American Trust Life Insurance Company can neither admit nor deny request number A because there is no one presently connected with the company who has independent recollection sufficient to admit or deny such request." Bickel's attorney asserts that this quoted statement was made to each of his requests. This matter was within the trial court's discretion and we find nothing to indicate an abuse of his discretion. Smith v. City of Dallas, 404 S.W.2d 839 (CCA 1966, Affirmed, 425 S.W.2d 467).

Special Issue No. 1 asks if Pennell instructed Dr. Pierce to inform Bickel that the contract would no longer be honored to which the jury answered "No". We therefore hold that Bickel failed to discharge his burden of securing a finding that American breached the contract.

■ Appellant alleges in his petition that Pennell was the founder, principal owner, controller, and the general sales manager for American. He further asserts that Pennell controlled American to the extent that its acts were his and vice versa and that it acted as his alter ego. He seeks to recover from Pennell for tortious interference with the contract he had with American and relies upon the jury's findings that Pennell intentionally and knowingly interfered with the performance of the contract by "advising the agents to de-emphasize the Texas Owners Employees Association plan" and that Pennell was actuated by malice. The interference found by the jury was by the general sales manager of the corporation who was acting in his representative capacity for the corporation. We hold that the corporation was not prohibited by the contract from de-emphasizing such plan. The jury failed to find a breach of the contract by American. Under these circumstances, we hold that the court did not err in overruling Bickel's motion for judgment on the verdict.

We have examined all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.