**David BYNUM, Appellant,**

v.

**Alf P. SHATTO, Appellee.**

No. 885.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Oct. 3, 1974.

Monroe Northrop, Austin, Dabney, Northrop & Garwood, Houston, for appellant.

Jack D. Sanchez, Clendenin, O'Leary, Sanchez & Hensley, Brownsville, for appellee.

## OPINION

**NYE, Chief Justice.**

This is a suit on a debt evidenced by a judgment rendered by the 127th District Court of Harris County on a promissory note. The judgment was more than ten (10) years old at the time this suit was filed. No execution was ever issued on the judgment. This case was tried to the court without a jury. At the conclusion of the evidence, the court ruled that the cause of action of the plaintiff, David Bynum, was barred by limitations and, therefore, the plaintiff should take nothing in his lawsuit. It is from this judgment that the plaintiff has perfected his appeal.

The facts are virtually undisputed. In March of 1961, Alf P. Shatto, the defendant, borrowed Thirty Thousand Dollars ($30,000.00) from the Continental Bank and Trust Company in Houston. In exchange for this loan, Shatto gave a note in which he promised to pay the principal amount in four (4) installments with interest. The last installment was due on July 28, 1961. Shatto made only one payment of Three Thousand Dollars ($3,000.00) and defaulted. The bank assigned the note to David Bynum.

Bynum filed suit to collect the balance due on the note and was granted judgment against Shatto on June 6, 1963. No execution was thereafter issued. On September 4, 1973, ten (10) years and ninety (90) days after the judgment had been taken, Bynum filed this suit in the District Court of Cameron County, Texas (Shatto's residence) for the purpose of extending and enforcing the Harris County judgment. Defendant, Shatto, answered with a general denial and affirmatively plead the four year (Article 5527) [1] and the ten year (Article 5532) [2] statutes of limitation, Vernon's Ann.Civ.St.

Later, plaintiff Bynum filed a request for admissions requiring an answer "within 10 days" under Rule 169, Texas Rules of Civil Procedure, in which only one question was asked. The question sought to establish whether the defendant had been outside the State of Texas for ninety (90) days or more between the time of the judgment in 1963 and the time that this suit was filed in 1973. The defendant received the request for admissions on November 6, 1973, and answered the request on November 20, 1973. He denied that he had been absent from the State of Texas for ninety (90) days or more. Subsequently, the plaintiff filed a "motion to have matters set out in request for admissions taken as true and to strike purported answers thereof herein filed". The motion, in Paragraph IV, states as its basis, "said equivocation and delay in answering for a period twice that as called for by said request and said Rule 169 constitutes such answer a nullity." The trial court overruled the motion saying ". . . and all requests for admissions having been answered, said motion is hereby overruled".

At the trial of the case, the parties stipulated to all of the relevant facts concerning proof of plaintiff's case except as to the time in which the defendant was absent from the State. The defendant appeared in person and testified under oath that he had not been out of the territorial limits of Texas for more than sixty-eight (68) days since June 6, 1963. The plaintiff objected to the answer on the grounds that the trial court erred in overruling plaintiff's motion that the requested facts previously sought should have been taken as admitted. The trial court overruled plaintiff's objections.

---

1. "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidence by or founded upon any contract in writing. . . . "

2. "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

On this evidence, the trial court found in favor of the defendant reciting in its judgment that plaintiff's cause of action on the note had merged in the Harris County judgment, or alternatively, the cause of action was barred by the four (4) year statute of limitations. (See footnote 1). The court further ruled that the plaintiff's cause of action on the judgment was barred by the ten (10) year statute of limitations. (See footnote 2).

Plaintiff's appeal is based on numerous points of error, all of which can be summarized as contending that the trial court erred in overruling plaintiff's motion to have the matters set out in his request for admissions to be taken as admitted. The plaintiff argues that the only question in this case is whether the proof was that the defendant was absent from the State for a sufficient length of time to have extended the ten year limitation of Article 5537[3] past the date upon which plaintiff filed this lawsuit.

The plaintiff asserts that since the defendant's answer to the request for admissions was late (4 days) and improperly sworn to, it is of no effect and the requested question should be deemed admitted as a matter of law. If the admission is deemed admitted as contended by the plaintiff, the trial court erred in admitting the defendant's oral testimony during the course of the trial to the effect that he was only absent from the State sixty-eight (68) days. The result would be to avoid the defense of the limitation statutes.

Under Rule 169, T.R.C.P., the trial court has considerable discretion in refusing or granting a motion to deem admitted matters inquired about. Our Supreme Court stated the reasons for this rule as follows:

"The primary purpose of the rule is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense. When the language of the rule is considered in the light of its purpose, there is no doubt that some discretion is lodged in the trial court in its enforcement." Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 208 (1950).

See also Fireman's Fund Ins. Co. v. Commercial Stand. Ins. Co., 490 S.W.2d 818 (Tex.Sup.1972). Plaintiff says that since the defendant's answer was filed four (4) days after the ten (10) days allowed in the request, the trial court should have disregarded the defendant's answer. The rule itself extends to the trial court some discretionary power in extension of time for filing answers on a motion by the answering party. An extension of time may be granted even after the time for answering has expired. This is within the trial court's discretion. Bickel v. American Trust Life Insurance Company, 468 S.W.2d 873 (Tex.Civ.App.—Eastland 1971, writ ref'd. n. r. e.). Although the defendant did not file a written motion for an extension of time to file the answer to the request, it is apparent to us that the trial court in chambers permitted the answer to be filed although it was late. Apparently, an oral motion was presented sometime prior to trial in the judge's chambers. This is apparent to us from the language used in the order overruling plaintiff's motion to strike; from the court's ruling on the plaintiff's objections to the evidence; from the argument of counsel in the statement of facts; and from the recitations in the

3. "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

judgment itself. The rule does not require that a motion for extension of time be in writing. An oral motion is sufficient. Masten v. Gower, 165 S.W.2d 901 (Tex. Civ.App.—Fort Worth 1942, n. w. h.). We hold that the trial court did not abuse his discretion in permitting the late answer to be filed. Schindler v. AG Aero Distributors, Inc., 502 S.W.2d 581 (Tex.Civ.App. —Corpus Christi 1973, n. w. h.); Reaves v. Brooks, 430 S.W.2d 926 (Tex.Civ.App. —Amarillo 1968, writ dism'd).

■ Appellant next complains that the affidavit attached to the answer to the request for admission is defective in that the defendant swears ". . . that the answers to plaintiff's request for admissions are to the best of my knowledge true and correct". The trial court did not err in refusing to grant plaintiff's motion to have the request for admissions taken as true and to strike defendant's answer for two reasons: first, plaintiff's motion to strike defendant's answers does not specifically address itself to the defect in the affidavit; see Durrett v. Boger, 234 S.W.2d 898 (Tex.Civ.App.—Texarkana 1950, n. w. h.) and second, the original request for admissions did not meet the requirements of Rule 169 inasmuch as they demanded an answer "within 10 days". The rule states "each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, *not less than ten days* after delivery thereof or within such further time as the court may allow on motion . . ."

The rules of civil procedure were designed to bring about a fair disposition of litigation with a minimum of delay. They were never designed as traps for the unwary nor should they be construed in order to prevent a litigant from presenting the truth to the trier of facts. In Gordon v. Williams, 164 S.W.2d 867 (Tex.Civ.App. —Eastland 1942, ref'd, w. o. m.), the Court said:

"Rule No. 169 will perform a most useful office in our jurisprudence, provided it is wisely administered. It should not be so construed as to give one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence."

See Durrett v. Boger, supra.

Here, defendant's answer to the purported request was definite and certain. He denied he was outside the State ninety (90) days or more. The trial court, acting within its discretionary bounds, apparently granted an extension of time, if one was necessary. No specific complaint was made in plaintiff's motion that the affidavit was improper. The plaintiff does not attempt to show here any prejudice in the maintenance of his cause of action on its merits because of the trial court's action. The defendant testified under oath in the actual trial as to the facts concerning his absence from the State. The plaintiff did not attempt to attack or controvert the defendant's testimony nor did he offer any evidence in rebuttal.

We hold that the trial court did not err in overruling the defendant's pre-trial motion. Masten v. Gower, 165 S.W.2d 901 (Tex.Civ.App.—Fort Worth 1942, n. w. h.); Sprouse v. Texas Employers' Insurance Association, 459 S.W.2d 216 (Tex.Civ.App. —Beaumont 1970, ref'd. n. r. e.); Reaves v. Brooks, 430 S.W.2d 926 (Tex.Civ.App. —Amarillo 1968, writ dism'd). All of the Appellant's points of error have been considered and are overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR RE-HEARING

The appellant, in his motion for rehearing, contends that this Court erred in failing to hold that appellee's answers to his request for admissions were a nullity because they were not filed "within ten days" in response to the request. The appellant cites McKinney v. Croan, 144 Tex. 9, 188

S.W.2d 144 (1945) which he contends is directly in point. The question, however, in McKinney was whether a reply by defendant to plaintiff's request for admissions was filed in time. The court in that case stated:

"Plaintiff's request for admission was not received by defendants until December 16th. The ten days allowed for reply began to run the following day. The time for reply ordinarily would have expired on December 26th. However, that day was Sunday, and under Rule 4 defendants had until December 27th to reply. The reply was deposited in the mail on that day, but was not received by plaintiffs at Big Spring until December 29th. We hold that the reply was made in time."

In the McKinney case, the issue was not whether the defendants were given enough time in which to file their answer, but whether the answer was timely filed. One of the questions presented in this case was whether appellant's request for admissions gave the appellee the ten full days allowed by Rule 169. Appellant's request requires the appellee to answer "within ten days". Rule 169 allows a party to demand that the request be answered in a "period not less than ten days". The McKinney case did not rule on the specific point at issue.

It appears to us that appellant's request for answers "within ten days" did not give the appellee the full ten days allowed by Rule 169. It encompassed a period less than ten days. The request for admissions did not meet the requirements of Rule 169 and was, therefore, defective. Masten v. Gower, 165 S.W.2d 901 (Tex.Civ.App.—Fort Worth, 1942, n. w. h.).

The appellant argues that we were in error in assuming that the trial court apparently granted an oral motion in favor of the appellee for leave to file his answers to the request for admissions late. Be that as it may, the controlling question is whether the trial court abused its discretion in refusing to grant the appellant's pre-trial motion to have the matter set out in the appellant's request for admissions taken as true and to strike the appellee's answer to the motion.

There is nothing presented in the motion for rehearing or in the original record to indicate an abuse of such discretion. The appellant's proposed construction of Rule 169 would lead to an uncompromising rigidity in procedure calculated to thwart and impede the administration of justice. Rule 169 necessarily lodges some discretion in the trial court as to its enforcement. Smith v. City of Dallas, 404 S.W.2d 839 (Tex.Civ.App.—Dallas 1966, affirmed, 425 S.W.2d 467, Tex.Sup.); Bickel v. American Trust Life Insurance Company, 468 S.W.2d 873 (Tex.Civ.App.—Eastland 1971, ref'd n. r. e.); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950); Meyer v. Tunks, 360 S.W.2d 518 (Tex.Sup.1962).

We have carefully considered appellant's motion for rehearing and the same is overruled.

Overruled.