M. Marshall LANDY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18504.

United States Court of Appeals
Fifth Circuit.

Nov. 2, 1960.

Rehearing Denied Dec. 6, 1960.

Arthur B. Cunningham, Philip T. Weinstein, Miami, Fla., for appellant.

Robert W. Rust, Asst. U. S. Atty., Miami, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

The judgment of the trial court requiring the appellant to respond to the administrative subpoena of the Internal Revenue Service is affirmed.

Appellant's motion to quash was based on the theory that appellant's constitutional privilege against testifying against himself would be violated if he was required to respond to the subpoena. This, appellant contends, is to be deduced from the holding of the Court of Appeals for the Fourth Circuit in Beard v. United States, 4 Cir., 222 F.2d 84, 85, certiorari denied 350 U.S. 846, 76 S.Ct. 48, 100 L. Ed. 753. Appellant contends that that case stands for the proposition that if a taxpayer, who is subsequently tried for criminal tax evasion, appears in response to a subpoena and then relies on the Fifth Amendment as a basis for refusing to answer specific questions, such use of the Fifth Amendment can be shown to the jury on the subsequent trial as an inference of guilt. In our view Beard v. United States stands for no such proposition. It is based rather on the doctrine announced in Shapiro v. United States,

335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787, the "required records" doctrine.

We hold that the trial court correctly decided that it could not quash the subpoena on the general allegation that it was intended for purposes other than those for which it purported to issue and that it might result in questions which the subpoenaed witness could constitutionally refuse to answer. The privilege of the Fifth Amendment must be exercised in connection with precise questions and not as a general excuse for refusing to appear in response to subpoena. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344.