Charles H. MEYER, Relator,

v.

The Honorable Bert TUNKS et al.,
Respondents.

No. A–9143.

Supreme Court of Texas.

Oct. 3, 1962.

Gilbert T. Adams, Beaumont, for relator.

W. C. Lindsey, Dist. Atty., W. G. Walley, Jr., Beaumont, Will Wilson, Atty. Gen., and Norman V. Suarez, Asst., Austin, for respondents.

CULVER, Justice.

In Jefferson County there is now pending a suit brought by the State of Texas on relation of certain citizens for the removal of Charles H. Meyer from the office of Sheriff of that county. The District Judge in that case overruled the motion filed in behalf of the defendant, Meyer, to quash the State's application and notice to take the defendant's oral deposition, without prejudice to his right to assert his constitutional privilege against answering any question which might tend to incriminate him.

This is an original petition for mandamus to require the District Judge to revoke his order overruling that motion.

The grounds alleged in the petition for the removal of this officer are: (1) that he accepted the sum of $200.00 on two separate occasions from the same person with the understanding that he would permit that person to operate gaming devices; (2) that Meyer was guilty of official misconduct in respect to the use of and duties assigned to prisoners entrusted to his care, appropriating their labor to private use, and permitting others to be at large and to escape; (3) that he knowingly permitted the open and notorious operation of public houses of prostitution and places to which people commonly resort for the purpose of gambling. At all times pertinent herein Meyer has been under five indictments, the first two charging bribery and the last three charging false statements made in his report of election campaign expenses and contributions.

Relator first contends that the notice of intention to take his oral deposition should be quashed because it violates his rights under Art. 3, Vernon's Ann.Code of Criminal Procedure, and Art. 1, § 10 of the State Constitution, Vernon's Ann.St. in that it is tantamount to requiring him to take the stand and testify in a criminal action against him since this removal action charges him with the willful commission of penal offenses. Further he represents that the attempt to take his deposition is in bad faith

and for the purpose of obtaining evidence to be used in the criminal cases now pending against him.

■ He relies heavily on State ex rel. v. Alcorn, 78 Tex. 387, 14 S.W. 663, 665, which terms the removal statute as penal in character "and must be construed as though it were one defining a crime and prescribing its punishment." We quoted that statement with approval in State ex rel. Edwards v. Reyna, 160 Tex. 404, 333 S.W.2d 832, 835. Aside from any implications that might be drawn from this statement the court is saying only that to justify removal from office the allegations of the petition shall be specific and certain and the official misconduct must be willful or in other words with evil intent or without reasonable grounds to believe the act lawful. But all of this is no more than is required by Arts. 5973 and 5977, Vernon's Civil Statutes.

■ County officials may be removed from office for incompetency or for official misconduct or for becoming intoxicated. Art. 5970. The State Constitution stipulates that: "The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution." Art. 15, § 7. County officials fall into this category. Accordingly the Legislature has enacted the rules governing the trial and removal of those officials.[1] The action may be brought by an individual citizen and must be conducted in the name of "The State of Texas", upon the relation of that person. The verified petition is to be filed in the district court and shall set forth plainly the grounds of removal. The defendant is guaranteed the right of trial by jury. Appeals are given precedence over the ordinary business of the court. Art. 5981 provides that "the trial and all proceedings connected therewith [removal actions] shall be conducted as far as it is possible in accordance with the rules and practice of the court in other civil cases." The Legisla-

ture has thus in effect denominated the action as a civil proceeding. It is one triable in a civil court. An appeal lies to the Court of Civil Appeals. The prosecution has the right to appeal from an adverse judgment. The degree of proof necessary for a finding of a verdict of guilty or judgment of removal is by the preponderance of the evidence rather than "beyond a reasonable doubt". No question of former jeopardy is involved. The officer may be prosecuted criminally on the same charges either before or after the removal proceedings.

■ While the removal petition will ordinarily charge the officer with the violation of a criminal statute, yet the character of the action is to be determined by the object sought to be accomplished and the nature of the judgment to be entered. It reasonably appears from the constitutional and statutory provisions authorizing this proceeding that the object is not to punish the officer for his derelictions or for the violation of a criminal statute but to protect the public in removing from office by speedy and adequate means those who have been faithless and corrupt and have violated their trust. The law imposes no other penalty. It has been said that an officer has a property right in the office but that applies merely to the privilege of asserting his right to gain and hold the office in an election contest and in similar political affairs. The office belongs to the people and is given to him temporarily in trust. Even so an action to deprive him of this or any other property right would be essentially a civil action.

In McDaniel v. State, (1928) Tex.Civ. App., 9 S.W.2d 478, 481, wr. ref., the court, in pointing out that a removal action is essentially a civil suit although the result may have a punitive effect, says:

"* * * Its determination constitutes no bar to the subsequent indictment and prosecution of the defendant for any criminal offense he may have committed in the misconduct with

1. See Arts. 5976 et seq., Vernon's Ann.Civ.Stats.

which he is here charged. While his removal from office may cause him an injury, the infliction of that injury is not the primary object of the proceeding. The principal purpose in such proceeding is to relieve the state of an unfit public official. If there were any informality in the manner in which the court in this instance presented the issues to the jury, the defect was not of a fundamental character, and was waived by the failure of the appellant to object at the proper time."

In so far as the terminology applied to this character of proceeding is concerned, the courts of other jurisdictions are not in harmony, some classifying it as a civil action, others, as quasi criminal, and still others, as criminal. Actually the terminology is not altogether important or controlling for the results reached in ruling on the various questions are more uniform than the terminology used would seem to indicate. California in Thurston v. Clark, 107 Cal. 285, 40 P. 435, viewed the matter as equivalent to a criminal prosecution. In that case the removal action was said to be of such a criminal nature that the defendant officer was to be shielded from becoming an enforced witness against himself by reason of constitutional provisions both national and state. On the other hand in Cline v. Superior Court, 184 Cal. 331, 193 P. 929, the same court determined that in such cases the constitutional safeguards do not forbid the denial of a jury trial to the officer and that pronouncement is expressly made regardless of the holding in Thurston v. Clark and in other earlier cases that the proceeding is in effect a criminal prosecution. In fact the general rule seems to be that a public official has no constitutional right to a jury trial in a proceeding to remove him from office. See Gay v. District Court, 41 Nev. 330, 171 P. 156, 3 A.L.R. 224 and other cases annotated in 3 A.L.R. 1089. With that premise in mind it is hardly logical to contend that in a removal action the defendant officer cannot be called to the witness chair since the right of one charged with a criminal offense to a jury trial is basic in all jurisdictions.

In addition to California, Idaho and Montana are said to take the view that a removal action is criminal in nature while other Western states, namely, Nevada, New Mexico, North Dakota, Oklahoma and Utah consider the matter as a civil action. See 81 A.L.R. 1089.

In Skeen v. Craig (1906) 31 Utah 20, 86 P. 487, the court aligns itself with what it terms the great weight of authority and the better reasoned cases in expressly holding that such actions are civil. State v. Borstad (1914) 27 N.D. 533, 147 N.W. 380, held that the trial court did not err in permitting the examination of the defendant as an adverse party upon the trial, subject of course to his right of refusing to answer on the ground of self incrimination. In North Dakota the statute provides just as in this jurisdiction that the trial shall be conducted in the same manner as a trial by jury in a civil action. Also in that state in civil actions generally a defendant may be compelled to testify.

The gist of Art. 1, § 10 of the State Constitution is the same as that of the Fifth Amendment to the United States Constitution, namely, that the defendant in a criminal case shall not be compelled to give evidence against himself. The protection thus afforded is not against the propounding of the question but is the right to refuse to answer if he claims that privilege.

Article 710, Vernon's Ann.Code of Criminal Procedure, does provide that the failure of a defendant to testify shall not be considered against him nor shall that failure be commented on by opposing counsel. Meyer cannot avail himself of the protection afforded by this article because the Legislature has plainly provided that this case is to be tried under the Rules of Civil Procedure rather than of the Code of Criminal Procedure.

Since this removal cause is a civil action and is to be conducted according to the

Rules of Civil Procedure we see no reason to make an exception or to say that all the rules will control except that the defendant cannot be called as a witness. We therefore hold that Art. 3 of the Vernon's Ann. Code of Criminal Procedure does not apply in this case nor does § 10, Art. 1 of the State Constitution exempt this officer from being examined as an adverse witness, though he may claim the protection afforded to him by this constitutional provision. Should he later be prosecuted criminally under the indictments now pending or under any that may be subsequently returned he has the protection that the Constitution and Statutes of the State give to a defendant in a criminal case.

Secondly, Meyer contends that the order of the court in refusing to quash the notice to take his deposition is in violation of Rule 186b of our Rules of Civil Procedure and thus constitutes a clear abuse of discretion on the part of the trial judge. Rule 186b effective September 1, 1957, is substantially the same as Federal Rule 30(b), 28 U.S.C.A. Petitioner maintains therefore that we are bound by the construction placed upon that rule by the federal courts. That construction, so it is claimed, is to the effect that while an indictment is pending against one who is a defendant in a civil action which involves the same subject matter complained of in the criminal case, the defendant's deposition may not be taken by the adverse party.

The decisions relied on all issue from a United States District Court. So far as we can ascertain the point has not been tested on appeal.

In Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc. (D.C., 1953) 14 F.R.D. 333, a conspiracy prosecution under the Sherman Anti-Trust Act was pending against persons who were named defendants in a civil action under such Act, based upon the same alleged conspiracy. The court stayed the taking of the depositions of those persons in the civil action on the ground that the same would contravene rights guaranteed by the Fifth Amendment.

In National Discount Corporation v. Holzbaugh, D.C., 13 F.R.D. 236, the court held that where the fabric of the fraud sued upon in the civil proceeding is identical with the fraud embraced in the pending criminal proceeding, to require the defendant to submit to oral examination in the civil case would be oppressive and constitute an indirect invasion of his constitutional rights.

In the third case, United States v. Bridges, D.C., 86 F.Supp. 931, the facts were somewhat in reverse. Bridges was under indictment in a denaturalization proceeding against him based upon substantially identical facts to those forming the criminal indictment, Bridges sought under Rule 33, Federal Rules of Civil Procedure, to take the deposition of the Attorney General of the United States and of the Chief of the Federal Bureau of Investigation. The court stayed all proceedings in the denaturalization case until the final disposition of criminal proceedings on the following ground:

> "Apart from the assertion by Government counsel that the defendant, Bridges, is attempting, through the medium of the civil proceedings, to explore and otherwise canvass matters that would not be obtainable in the criminal proceeding, it is manifest from a general outline of the Discovery sought that most, if not all, of the material requested is beyond the scope of rule 33. Federal Rules of Civil Procedure."

Actually the only authoritative construction, we think, given by the Federal courts to Rule 30(b) is that the trial judge is vested with judicial discretion in acting upon a motion to stay the taking of the deposition of a party and before his ruling may be set aside there must be shown a clear abuse of discretion. Whether we are bound by this construction or not is imma-

terial since that is exactly the way we construe our Rule 186b.

In National Bondholders Corporation v. McClintic, 1938, 99 F.2d 595, the Court said:

"* * * the determination of the existence of the sufficiency of the cause against taking the depositions in this case was for the district judge in his judicial discretion. On this application for mandamus to reverse his ruling on an interlocutory matter, we cannot properly substitute our judgment for his as to the determination of what constituted good cause for the order even though if and when the case should ultimately be here on appeal, the court may be of a different opinion."

In Landy v. United States (1960), 283 F.2d 303, the judgment of the trial court requiring Landy to respond to the administrative subpoena of the Internal Revenue Service was affirmed. We quote the holding in that case which we think is quite material to the situation we have before us:

"We hold that the trial court correctly decided that it could not quash the subpoena on the general allegation that it was intended for purposes other than those for which it purported to issue and that it might result in questions which the subpoenaed witness could constitutionally refuse to answer. The privilege of the Fifth Amendment must be exercised in connection with precise questions and not as a general excuse for refusing to appear in response to subpoena. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344."

Since the question of whether the taking of a deposition be stayed or not lies within the judicial discretion of the trial judge, it cannot be said with any degree of certainty that, if the trial judge had not granted the stay in Harrigan v. Enterprise and National Discount Corporation v. Holzbaugh, the Federal appellate courts would have held that the failure to do so would amount to abuse of discretion. Moreover, in the case here the factual situation differs. As pointed out above among the various grounds on which removal of the sheriff is sought only on one, namely, bribery, has he been indicted and Rule 30(b) even as applied by the Federal District Courts would have no application to the remaining charges.

Our Rule 186b as well as the Federal Rule 30(b) gives to the trial court broad powers and discretion to control the time, place and manner of taking the deposition and also the scope of the examination. The movant did not seek in the trial court any limitation or restriction upon the scope of the examination but rather took the position that he must not be examined upon any of the matters or charges specified in the removal action.

We cannot assume that the attempt to take Meyer's deposition is in bad faith and for the purpose of obtaining evidence to be used in the criminal cases now pending against him.

Complaint is made of the fact that attached to the petition for removal is a copy of the indictment charging the defendant with false statements in his report of election contributions and expenses. This exhibit relates only to some alleged statement made by Meyer concerning the judge and the members of the grand jury. It forms no ground for removal. The trial judge will rule on its admissibility when the case comes on for trial. We see no prejudice in this that would result so far as the matter at issue here is concerned.

We hold that the Trial Judge did not abuse his discretion. Mandamus is denied.