ACCEPTED
12-15-00216-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/9/2015 2:13:25 PM
Pam Estes
CLERK

NO. 12-15-00216-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/9/2015 2:13:25 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
FOR THE TWELFTY DISTRICT OF TEXAS

IN RE THOMAS LYTLE AND ELLEN LYTLE,
REALTORS,

V.

THE HONORABLE TERESA DRUM, JUDGE
PRESIDING 29TH JUDICIAL DISTRICT
COURT OF VAN ZANDT COUNTY, TEXAS
RESPONDENT,

Real Parties in Interest:

DAVID C. PETRUSKA
SANDRA L. PETRUSKA
HELMUTH K. GUTZKE AND
ZACKIANN GUTZKE,
DEFENDANTS.

REAL PARTIES IN INTEREST, DAVID C. PETRUSKA'S AND SANDRA L. PETRUSKA'S
RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Michael F. Pezzulli
State Bar No. 15881900
michael@courtroom.com
14911 Quorum Drive, Suite 340
Dallas, Texas 75254
Ph: 469-916-7700
Fax: 469-916-7705

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court proceedings as well as the name and addresses of their counsel:

**Relators:**
Thomas Lytle and Ellen Lytle

**Counsel to Realtors:**
Barbara L. Emerson
Texas State Bar No. 06599400
Bellinger & Suberg, LLP
10,000 N. Central Expressway
Suite 900
Dallas, Texas 75231
214.954.9540 – Telephone
214.954.9541 – Facsimile
bemerson@bd-law.com

**Respondent:**
The Honorable Teresa Drum, Judge Presiding
294th Judicial District Court of
Van Zandt County, Texas
County Courthouse
121 East Dallas Street, Suite 301
Canton, Texas 75103
903.567.7555 – Telephone
903.567.5652 – Facsimile

**Real Parties In Interest:**
David C. Petruska and
Sandra L.Petruska

**Counsel to Petruska Parties:**
Michael F. Pezzulli
Holmes Firm PC
14911 Quorum Drive, Suite 340
Dallas, Texas 75254
469.916.7700 – Telephone
469.916.7705 – Facsimle
michael@courtroom.com

and

Helmuth K. Gutzke and

**Counsel to Gutzke Parties:**
Ralph E. Allen
Attorney and Counselor at Law
100 East Ferguson, Suite 901
Tyler, Texas 75702
903.593.9727 – Telephone
903.531.2566 - Facsimile
rallen@tyler.net

i

# TABLE OF CONTENTS

                                                                              **PAGE**

IDENTITY OF PARTIES AND COUNSEL ................................................i

TABLE OF CONTENTS ................................................................ii

INDEX OF AUTHORITIES .......................................................iii-iv

STATEMENT OF FACTS ...............................................................1

ARGUMENT ...........................................................................5

    A.      When the court forces the Defendant to choose between waiving his Fifth Amendment right or suffering an adverse inference in this civil case, an abuse of discretion occurs.

    B.      If ordered to give a civil deposition, Defendant will be unable to adequately defend himself in both cases, thus violating his constitutional rights to due process and against self-incrimination.

    C.      Several factors weigh in favor of granting the stay of the civil proceeding.

    D.      Texas Law Supports the Granting of the Requested Stay.

    E.      The Order staying the civil proceedings pending for a period ending the earlier of six-months from the date of the order, or the completion of the trial level proceedings in the Van Zandt criminal action was an appropriate exercise of the courts inherent power to control her docket as well and an appropriate exercise of her discretion.

# INDEX OF AUTHORITIES

CASES

*Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir. 1979), *on reh'g,*
611 F.2d 1026 (1980) ...............................................................................5, 12

*Simmons v. United States,* 390 U.S. 377 (1968) ....................................................6

*United States v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983)
(citing *SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 668 (5th Cir. 1981)).....7

*Gebhardt v. Gallardo,* 891 S.W.2d 327 (Tex. App.-San Antonio 1995, no writ)..............7

*Baxter v. Palmigiano,* 425 U.S. 308 (1976)........................................................7

*Texas Department of Public Safety Officers Association v. Denton,*
897 S.W.2d 757, 763 (Tex. 1995) ...............................................................7, 12

*Librado v. M.S. Carriers, Inc.,* C.A. No. 3:02-CV-2095D,
2002 WL 31495988 (N.D. Tex. Nov. 5, 2002)......................................................7, 8

*Myer v. Tunks,* 360 S.W.2d 518, 522-23 (Tex. 1962) ...............................................8

*Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.,*
794 S.W.2d 944, 946 (Tex. App.-Houston [1[st] Dist.] 1990, no writ) ...........................8

*Jackson v. Smith Sec. Serv., Inc.,* 786 S.W.2d 787,
788-89 (Tex. App.-Houston [1[st] Dist.] 1990, no writ) ..........................................8

*Fierson v. City of Terrell,* C.A. No. 3:02 CV 2340-H,
2003 WL 21355969 at *3 (N.D. Tex. June 6, 2003) ...............................................8, 9

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,*
866 F. Supp. 1134, 1139 (S.D.N.Y. 1995) .....................................................8, 10

*United States v. Melchor Moreno,* 536 F.2d 1024, 1049
(5th Cir. 1976) (citing *United States v. Gomez-Rojas,*
507 F.2d 1213, 1220 (5th Cir. 1975)) ...........................................................9

*Kmart Corporation v. Aronds,* C.A. No. H-96-1212 (S.D. Tex. Dec. 11, 1996)
(citing *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir),
*cert. denied,* 449 U.S. 993 (1980)) ...............................................................9

*Javier H. Garcia-Botello,* 218 F.R.D. 72, 75 (W.D.N.Y. 2003) ...............................11

*McCarth v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L. Ed. 158 (1924) ..............13

*Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L. Ed. 2d 212 (1972) ...................................................................... 13

*Spevack v. Klein,* 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L. Ed. 2d 574 (1967) .........13

*Malloy v. Hogan,* 378, U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L. Ed. 2d 653 (1964) ...........13

*Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793 (1941) ......................................15

*Westerman v. Mims,* 111 Tex. 29, 227 S.W. 178 (1921); City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695 (1936) .........................................................15

# I.

## STATEMENT OF FACTS

Real Parties in Interest, David C. Petruska, an attorney,[1] and Sandra L. Petruska ("Petruska") supplement the Relators' Statement of facts as follows:

Contrary to the representations of Realtors that "Petruska is currently a defendant in two (2) actions"[2] there are actually three (3) underlying matters that all involve Relator Thomas Lytle and should be considered in reviewing this Petition for Writ of Mandamus:

- **April 14, 2014**: *__State of Texas v. David Charles Petruska__*, **Charge: PC Section 22.02-Aggravated Assault with a Deadly Weapon (Complaining Witness: Tom Lytle)**[3] ( "Defendant, on or about February 15th, 2014, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly threaten TOM LYTLE with imminent bodily injury by **POINTING A FIREARM AT HIM** AND THREATENING TO KILL HIM, and did then and there use or exhibit a deadly weapon to wit: A FIREARM during the commission of the said assault and said FIREARM in the manner and means us use could have caused serious bodily injury or death to TOM LYTLE;" (emphasis supplied)

- **July 8, 2014: Plaintiff's Original Petition, *__Thomas Lytle v. David C. Petruska__*, In the County Court at Law No. 2, Dallas County, Texas** ("Defendant intentionally and knowingly threatened Plaintiff with imminent bodily injury. Defendant **pointed an assault rifle at Plaintiff** from less than 10 feet away, and threatened Plaintiff with imminent bodily injury…") (emphasis supplied)[4]

---

[1] David Petruska is an attorney licensed and in good standing by the State Bar of Texas, SBN: 15853200.

[2] Relators Petition for Writ of Mandamus at Page 5.

[3] Relators Appendix to Petition for Writ of Mandamus ("Relators APP"), at Relators APP at 15-16.

[4] Respondents Record regarding Petition for Writ of Mandamus ("Respondents Rec), at Respondents Rec at 1-

- **July 9, 2014**: Plaintiffs' Original Petition, *Thomas Lytle and Ellen Lytle v. David C. Petruska, Sandra L. Petruska, Compass Bank, Helmuth K. Gutzke and Zackiann Gutzke,* In the District Court, 294th Judicial District, Van Zandt County, Texas[5]

  - "Petruska has taken certain actions to assert his rights to the easement, including coming onto Plaintiff's property and **threatening Thomas Lytle with an assault rifle.**"[6] (emphasis supplied)

In the third matter, the Van Zandt County Case which is the subject of this Petition for Writ of Mandamus, there are additional statements and representations by Relator that are relevant to the Court's consideration:

- **September 30, 2014:** Plaintiffs' First Supplemental Response to Request for Disclosures, responding to (c) "The legal theories and, in general, the factual bases of the responding party's claims....."

  - **"Petruska has taken actions to assert his rights to the easement, including coming onto Plaintiffs' property and threatening Plaintiff Thomas Lytle with an assault rifle"**[7]

- **February 12, 2015:** Plaintiffs' First Amended Petition:

  - **"Petruska has taken actions to assert his rights to the easement, including coming onto Plaintiffs' property and threatening Plaintiff Thomas Lytle with an assault rifle."**[8]

Repeatedly, the Relators alleged as an element of their proof the claims involving the alleged assault of Mr. Thomas Lytle by David C. Petruska with an "assault rifle." If the Relators did not believe that this allegation was a material part of their proof, they could have amended it out of their Petition when they filed their amendment on February 15,

---

[5] Plaintiff's Van Zandt County Case, Cause No. 14-00172, the underlying case to this Petition for Writ of Mandamus. (Van Zandt Case)

[6] Plaintiff's Original Petition (Van Zandt Case) at Page 4, Paragraph 24. Respondents Rec at RPl 0001 – 0006.

[7] Relators' Supplemental Record Regarding Petition for Writ of Mandamus at 28-31.

[8] Relators' Record Regarding Petition for Writ of Mandamus at Record 127.

2015. They did not demonstrating that they had a belief that these allegations were important proof elements in their claim against the Petruskas. It is disingenuous at best to now say that these allegations should not be considered when evaluating the decision of the Honorable Teresa Drum, Judge Presiding, in entering the Stay of the Proceedings.

The Order signed by Judge Drum virtually identical to the Order that the Relators approved in the Dallas County case. The Realtors neglected to mention this material fact to this Court in their Petition for Writ of Mandamus.

Referring back to the Dallas County case, Thomas Lytle v. David Petruska, the Relators agreed to the following Order, both as to Form and Substance:

**August 3, 2015: AGREED ORDER STAYING PROCEEDINGS:**

**"THE COURT FINDS that the defendant [David C. Petruska] is the subject of a Felony Indictment currently pending in the District Court of Van Zandt County, Texas and such indictment contains factual allegations substantially similar to the allegations contained in the instant matter.**

**THE COURT FURTHER FINDS that to continue these proceedings in this case would create an impermissible jeopardy to the Defendant and would have the potential to cause the Defendant to be forced to either forego his constitutional right against self-incrimination or be forced to waive his constitutional right and suffer the consequences, if any, of such waiver.**

**THE COURT FURTHER FINDS that it is inappropriate in the instant case to force the Defendant to choose between the assertion or waiver of his constitutional rights at this stage of this litigation.**

**IT IS THEREFORE ORDERED AND RENDERED that this proceeding is hereby stayed for a period ending the earlier of six-months from the date of the order, or the completion of the trial level proceedings in the Van Zandt criminal action. ..."[9]**

- The above referenced Order arising out of County Court at Law No. 2, Dallas County Texas was:

---

[9] Relators Supplemental Record Regarding Petition for Writ of Mandamus at Supplemental Record 32.

- ○ **APPROVED AS TO FORM AND SUBSTANCE**
  - ▪ **/s/ Barbara Emerson, Counsel for Plaintiff [Thomas Lytle].**[10]

The Order complained of in this Petition for Writ of Mandamus is, in all material respects, IDENTICAL to the Order Approved as to Form and Substance by Ms. Barbara Emerson, Counsel for Relator Thomas Lytle. As the record reveals, Ms. Emerson is counsel to Mr. Lytle in both cases.

Despite the remarkable similarity in the allegations relating to the claimed assault of Mr. Lytle by Mr. Petruska in the Indictment, the Van Zandt County case and the Dallas County Case, there is not one mention of the Dallas County case by Relators in their Petition for Writ of Mandamus. There is, however, a material misstatement by Relators in their Petition for Writ of Mandamus when they represent to this Court that "Petruska is currently a defendant in two (2) actions. The underlying suit and a criminal prosecution pending in the same court. Record 145-146"[11] As can be seen by the above factual recitation, Mr. Petruska is involved in three (3) actions, the criminal case, with Mr. Lytle being the complaining witness, and two (2) civil actions, both of which are brought by Mr. Lytle with the same counsel, Ms. Barbara Emerson.

The Petruskas also take issue with the representations that the underlying lawsuit relates only to a 2008 transaction. If the allegations recited above in the Van Zandt civil suit relating to the alleged assault with an assault rifle were and are irrelevant, why were

---

[10] Interestingly, while the referenced order was included by Relators as the last two pages of their Supplemental record regarding Petition for Writ of Mandamus, it is never once mentioned in the body of their Petition for Writ of Mandamus.

[11] Petition for Writ of Mandamus at Page 5 B. For the record, despite Relator's claim that Petruska pushes the "envelope on bad faith pleadings" (Id at page 12), the Petruskas will not engage in such personal attacks despite the actual facts as are revealed in this Opposition to the Petition for Writ of Mandamus.

they pled the same facts in the Plaintiffs' Original Petition (a copy of which was not provided to the Court by the Relators), in the Relators Disclosures, where such allegation of the alleged assault by Mr. Petruska with the AR15 was represented to be "a factual basis of the responding party's claims...." and in the Relators Amended Petition in the underlying suit? The allegation relating to the alleged assault by Mr. Petruska would not be in every key pleading by the Relator if they considered it irrelevant. Accordingly, such allegation must be considered an important proof element by the Relators and should be considered by this Court in reviewing the Relators' Petition for Writ of Mandamus.

The Petruskas are requesting that this Court deny the Petition for Writ of Mandamus and allow the Order of the Honorable Teresa A. Drum to stand.

## II.

## ARGUMENT

**RESPONDENT'S ORDER OF AUGUST 21, 2015 STAYING ALL PROCEEDINGS WAS NOT AN ABUSE OF DISCRETION AND THIS PETITON FOR WRIT OF MANDAMUS SHOULD BE DENIED.**

A. **When the court forces the Defendant to choose between waiving his Fifth Amendment right or suffering an adverse inference in this civil case, an abuse of discretion occurs.**

Should this Court force the Defendant to answer civil discovery and forego his constitutional right against self-incrimination while the option to stay the civil proceedings is available, such order would be an abuse of discretion. In *Wehling v. Columbia Broadcasting System,* Wehling invoked his Fifth Amendment right to silence in the civil case while there was a competing grand jury proceeding, and the district court ordered

Wehling to answer the discovery requests or suffer dismissal of his civil case[12]. Subsequently, the district court dismissed his case and refused to grant a stay of civil discovery. *Id.* at 1086. On appeal and under an abuse of discretion standard of review, the *Wehling* court reversed the dismissal of Wehling's civil suit holding the district court's dismissal was "constitutionally impermissible," for the U.S. Supreme Court has "disapproved of procedures which require a party to surrender one constitutional right in order to assert another." 608 F.2d at 1088 (noting that dismissal of the civil case is inappropriate where other, less burdensome remedies [such as a stay of civil discovery] are available) (citing *Simmons v. United States, 390 U.S. 377, 394 (1968)*)[13]. Therefore, when a court forces the Defendant to answer civil discovery and forego his constitutional right to silence while the option to stay the civil proceedings is available and the Defendant is under criminal indictment for the same events, the refusal to stay the civil case is an abuse of discretion.

**B.     If ordered to give a civil deposition, Defendant will be unable to adequately defend himself in both cases, thus violating his constitutional rights to due process and against self-incrimination.**

Absent the requested stay, the Defendant will be unable to answer any questions of substance in his civil deposition; therefore, he will be unable to make his defense to the accusations asserted by the Plaintiffs, Tom Lytle and Ellen Lytle. This outcome is an unconstitutional denial of David Petruska's right to due process in this case. A fundamental precept of our judicial system is equal treatment under the law and hamstringing David

---

[12] *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir. 1979), *on reh'g,* 611 F.2d 1026 (1980)

[13] *Simmons v. United States,* 390 U.S. 377 (1968)

Petruska by the tactic of insisting on a premature deposition to force assertion of the Fifth Amendment violates that premise. Once a deposition occurs in this context, the harm is done, and the bell cannot be un-rung.

The trial court properly stayed the civil case because, as here, such a stay is necessary to avoid "substantial and irreparable prejudice."[14] In this case, Petruskas' exposure to an adverse inference from the invocation of the Fifth Amendment would similarly result in such "substantial and irreparable prejudice" if the action proceeds. Each time David Petruska asserts the Fifth Amendment privilege, which would occur continuously throughout these proceedings, his credibility would be subject to negative inferences.[15] [16] Undoubtedly, the accumulated effect of these negative inferences will be crippling to his defense, and will force David Petruska to relinquish his right to due process and forfeit his legal remedies in this civil case.

Under these circumstances, the Court should attempt to fashion a remedy that does not impinge upon the Petruskas' constitutional right and does not unduly prejudice either of the parties. ("The trial court should weigh options for delaying civil proceedings during the pendency of criminal investigations or parallel proceedings")[17]. A temporary judicial stay is one such remedy. (Finding that a partial stay was appropriate until such time as a

---

[14] *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 668 (5th Cir. 1981))
[15] *Gebhardt v. Gallardo,* 891 S.W.2d 327 (Tex. App.-San Antonio 1995, no writ)
[16] *Baxter v. Palmigiano,* 425 U.S. 308 (1976)
[17] *Texas Department of Public Safety Officers Association v. Denton,* 897 S.W.2d 757, 763 (Tex. 1995)

verdict of not guilty has been returned or sentencing has been completed in the criminal action against defendant).[18]

Under Texas law, a trial court may stay a pending case at its discretion.[19] [20] In determining whether to stay an action, the trial court should consider the similarity of issues between the criminal matter and the civil litigation.[21] (Where the court using its discretionary power stayed the plaintiffs appeal of her civil case "until the Court of Criminal Appeals has decided her criminal appeal and issued a mandate").

## C. Several factors weigh in favor of granting the stay of the civil proceeding.

All of the common law factors point to a stay of the civil proceeding. When considering a motion to stay in the context of competing interests between the parties, courts generally weigh several factors, including: (1) the extent to which the issues in the two cases overlap, (2) the status of the cases including whether the defendant has been indicted, (3) the interests of the plaintiff in proceeding versus the prejudice caused by delay, (4) the interests of the defendant, (5) the interests of the courts, and (6) the public interest.[22]

---

[18] *Librado v. M.S. Carriers, Inc.,* C.A. No. 3:02-CV-2095D, 2002 WL 31495988 (N.D. Tex. Nov. 5, 2002)

[19] *Myer v. Tunks,* 360 S.W.2d 518, 522-23 (Tex. 1962)

[20] *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.,* 794 S.W.2d 944, 946 (Tex. App.-Houston [1st Dist.] 1990, no writ)

[21] *Jackson v. Smith Sec. Serv., Inc.,* 786 S.W.2d 787, 788-89 (Tex. App.-Houston [1st Dist.] 1990, no writ)

[22] *Librado v. M.S. Carriers, Inc.,* C.A. No. 3:02-CV-2095D, 2002 WL 31495988 at *1 (N.D. Tex. Nov. 5, 2002)

[23] [24] Each of these factors support staying this case pending resolution of the parallel criminal proceeding against the Defendant.

The most important factor to be considered in determining whether to grant a stay "is the degree to which the civil issues overlap with the criminal issues."[25] (Finding that the overlap between the issues in parallel civil and criminal sexual harassment suits justified a civil stay). In this case, the subject matter of the civil suit relating to the alleged assault with an assault rifle and the criminal indictment is *identical*, both actions arise out of the same February 15, 2014 allegations that the Defendant threatened the Plaintiff with a deadly weapon. In fact, the overlap is so extensive that the Defendant could "legitimately refuse to answer essentially all relevant questions relating to this allegation because of the threat of incrimination."[26] (Holding that in such circumstances, a witness could be totally excused from responding to civil inquiries). Here, the criminal and civil cases almost completely overlap as it relates to the allegations involving the alleged assault with an AR15. ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Id.* at 5)[27].

---

[23] *Fierson v. City of Terrell,* C.A. No. 3:02 CV 2340-H, 2003 WL 21355969 at *3 (N.D. Tex. June 6, 2003)

[24] *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 866 F. Supp. 1134, 1139 (S.D.N.Y. 1995)

[25] *Fierson v. City of Terrell,* C.A. No. 3:02 CV 2340-H, 2003 WL 21355969 at *3 (N.D. Tex. June 6, 2003)

[26] *United States v. Melchor Moreno,* 536 F.2d 1024, 1049 (5th Cir. 1976) (citing *United States v. Gomez-Rojas,* 507 F.2d 1213, 1220 (5th Cir. 1975))

[27] *Kmart Corporation v. Aronds,* C.A. No. H-96-1212 (S.D. Tex. Dec. 11, 1996) (citing *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375-76 (D.C. Cir), *cert. denied,* 449 U.S. 993 (1980))

The second factor, the status of the cases, also weighs in favor of a stay of this civil action. *See id.* ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct...."). In this matter, David Petruska faces current pending felony charges for the same conduct alleged by Plaintiff herein. If discovery against Mr. Petruska were to proceed before resolution of the criminal proceeding, the parties in both cases might very well encounter the kinds of conflicts and tensions-*e.g.,* assertions of Fifth Amendment privileges by potential witnesses and concerns about the impact of discovery in this action on the parallel criminal proceeding-that a stay is precisely designed to prevent.

The third factor cited above, the interests of the plaintiff, also weighs in favor of a stay of this proceeding. Because it appears that the criminal action will be resolved in the reasonably near future, any inconvenience or other prejudice associated with delaying these proceedings is likely to be slight, if not altogether non-existent. *See Trustees of Plumbers,* 886 F. Supp. at 1140[28] (indicating that the expectation that the related criminal action would be resolved within six months supported staying the civil case). Moreover, the interests of the Plaintiff herein, must be severely discounted to a *de minimis* amount, for the Plaintiff's entire claims are that he has fear and apprehension. If the Plaintiff can actually prove his allegations, there will be little impact on his claimed damages for a six-month to a year stay in the civil action.

The interests of the Defendant, the fourth factor, clearly support a stay of this proceeding. Because the two cases arise from the same alleged facts, the Defendant faces

---

[28] *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 866 F. Supp. 1134, 1139 (S.D.N.Y. 1995)

the unenviable prospect that every statement he makes in the civil proceeding could be used against him in the criminal case (where, of course, ordinarily the parties are permitted only limited discovery). In short, allowing discovery against the Defendant in the instant action, and that would include discovery from the Defendant or his wife, to proceed on a simultaneous "double track" with the criminal action compromises Defendant's due process rights in both proceedings.

The fifth factor cited above, which considers the courts' interests, also supports staying this proceeding. Staying discovery in this case against the Defendant until the criminal proceeding is no longer pending will serve judicial economy because the parties will be in a better position to cooperate with each other on testimonial matters-thereby avoiding unnecessary disputes and moving the case along-once the overriding concern about the effect testimony in this proceeding has on the criminal case is removed. A short stay in this proceeding also alleviates the consideration by the trial court of the adverse inference claims that will arise if civil discovery against the Defendant were allowed to proceed.

Finally, the last factor, the public interest, supports a stay as do the other factors. "[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."[29] Staying this action in favor of the nearly identical criminal action would permit the latter to be resolved without any possibility of interference from the civil proceeding (*e.g.,* claims or disputes that one party was using the testimony in this civil matter unfairly in the criminal case).

---

[29] *Javier H. Garcia-Botello,* 218 F.R.D. 72, 75 (W.D.N.Y. 2003)

Thus, all of the factors weigh in favor of granting the stay of the civil proceeding.

**D.     Texas Law Supports the Granting of the Requested Stay.**

The Texas Supreme Court has explained that the dangers of compelling "any prospective criminal defendant to testify are real."[30] As "the scope of discovery allowed in a civil trial may exceed what a prosecutor would be permitted in a criminal proceeding," a prosecutor "could use the discovery responses ... against [Defendant] in a criminal proceeding," for the civil "testimony might give a prosecutor a dress rehearsal of [Defendant's] defense to criminal charges." *Id.* at 764-65 (collecting cases).

Because of those dangers and due process concerns, the Texas Supreme Court has followed its federal counterparts and held that even a civil plaintiff is entitled to the protections afforded by the Fifth Amendment when there is a threat of criminal proceedings. *Id.* at 760-61. If by asserting the right to silence, Defendant jeopardizes his civil case, then the guarantee of that right would ring hollow. Even in the case where it is a civil plaintiff who is using the privilege offensively, the Texas Supreme Court held that the following should be considered in assessing how to proceed: When delaying civil proceedings during the pendency of criminal investigations, one should consider the statute of limitations for the relevant crime, and "the extent to which the delay would prejudice the defendant's ability to prepare a defense."[31] *Id.* at 763.

---

[30] *Texas Department of Public Safety Officers Association v. Denton,* 897 S.W.2d 757, 763 (Tex. 1995) (Gonzalez, J., concurring)

[31] Citing *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir. 1979), *on reh'g,* 611 F.2d 1026 (1980)

The *Denton* opinion stands for the proposition that the trial court must fashion a remedy to make the proceeding fair to both parties.

The Fifth Amendment can be asserted in both civil and criminal trials "wherever the answer might tend to subject to criminal responsibility him who gives it."[32] Generally, the exercise of the privilege should not be penalized.[33] The rule against penalizing the use of the privilege does not prohibit a trial court from taking acts to ensure that the civil proceeding remains fair.[34] [35]

*Id.* at 760.

**E.  THE ORDER STAYING THE CIVIL PROCEEDINGS PENDING FOR A PERIOD ENDING THE EARLIER OF SIX-MONTHS FROM THE DATE OF THE ORDER, OR THE COMPLETION OF THE TRIAL LEVEL PROCEEDINGS IN THE VAN ZANDT CRIMINAL ACTION WAS AN APPROPRIATE EXERCISE OF THE COURTS INHERENT POWER TO CONTROL HER DOCKET AS WELL AND AN APPROPRIATE EXERCISE OF HER DISCRETION.**

Despite Relators representation that Petruska is only a defendant in two (2) actions, the truth is that Relator, Thomas Lytle, has sued David Petruska in two civil actions and is the complaining witness in the criminal action or three (3) actions.[36] The Realtor in the trial court case that is the subject of this Petition for Writ of Mandamus has repeatedly injected the assault allegations that specifically relate to the allegations in the indictment.

The stay ordered by the Honorable Teresa A Drum involves weighing Mr. Petruska's fundamental constitutional right to a fair trial in this real estate and allegations that Mr.

---

[32] *McCarth v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L. Ed. 158 (1924)

[33] *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L. Ed. 2d 212 (1972)

[34] *Spevack v. Klein,* 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L. Ed. 2d 574 (1967)

[35] *Malloy v. Hogan,* 378, U.S. 1, 7, 84 S.Ct. 1489, 1493, 12 L. Ed. 2d 653 (1964)

[36] See Pages 1- 3, infra.

Petruska engaged in a threat of bodily injury case against a claim that somehow the Plaintiff will be injured if he cannot maintain a parallel prosecution of the identical claims.

Discovery will obviously seek to elicit evidence from the defendant that he engaged in the identical alleged illegal activity that is the subject of the State Indictment. The civil proceeding, if not deferred, will undermine Defendants' Fifth Amendment privilege against self-incrimination, expand rights of discovery beyond the limits of Texas Rule of Criminal Procedure and expose the basis of the defense to the prosecution in advance of a criminal trial. A delay of this civil proceeding will not seriously jeopardize the public interest.

As can be seen from the factual recitation above and contrary to the assertions of the Realtors, this case is anything but "fairly straight forward." [37] The Realtors conveniently neglect to tell this Court that they have a parallel civil claim against Mr. Petruska in Dallas County which they have conceded is so close to the indictment that a stay is appropriate. Their claim now that a stay is not appropriate in the instant case can only mean that either (1) they have chosen to take a position inconsistent with a position that they have already judicially admitted is appropriate or (2) they have engaged in a strategy to attempt to forum shop the case that they want tried first since the Dallas County Case was set for trial at or about the time that the Relators agreed to the stay of the Dallas County Case.

Certainly, the failure to disclose the Dallas County Case or either strategy listed above should be considered in the granting or denial of the Petition for Writ of Mandamus. It is

---

[37] Petition for Writ of Mandamus at Page 7.

true that, although mandamus is a legal remedy, it is governed, to some extent at least, by equitable principles.[38] In some instances the equitable doctrine of clean hands has been invoked to deny issuance of the writ.[39] The Petruskas would ask the Court to consider whether or not the Realtors have come to this Court with clean hands and if they did not come to this Court with clean hands, then deny the mandamus, for this reason, in addition to those outlined above.

WHEREFORE, the Petruskas respectfully request that this Court deny the Petition for Writ of Mandamus in its entirety and grant the Petruskas any other relief to which they may be entitled.

Respectfully submitted,

**THE HOLMES FIRM PC**

/s/Michael F. Pezzulli
Michael F. Pezzulli
State Bar No. 15881900
michael@courtroom.com
14911 Quorum Drive, Suite 340
Dallas, Texas 75254
Ph: 469-916-7700
Fax: 469-916-7705

**ATTORNEYS FOR REAL PARTIES IN INTEREST DAVID C. PETRUSKA AND SANDRA L. PETRUSKA**

---

[38] *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793 (1941)
[39] *Westerman v. Mims*, 111 Tex. 29, 227 S.W. 178 (1921); *City of Wink v. Griffith Amusement Co.*, 129 Tex. 40, 100 S.W.2d 695 (1936)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Response to the Petition for Writ of Mandamus has been forwarded to all counsel via e-filing and email on the 9th day of October, 2015 as provided below.

**RESPONDENT**

The Honorable Teresa Drum
County Courthouse
121 E. Dallas Street, Ste. 301
Canton, Texas 75103
c/o Kathy Jackson, Court Coordinator
kjackson@vanzandtcounty.org

**PLAINTIFF'S COUNSEL**

Barbara L. Emerson
Bellinger & Suberg, L.L.P.
10,000 N. Central Expressway, Ste. 900
Dallas, Texas 75231
bemerson@bd-law.com

**COUNSEL TO HELMUTH GUTZKE AND ZACKIANN GUTZKE**

Ralph E. Allen
Attorney and Counselor at Law
100 East Ferguson, Ste. 901
Tyler, Texas 75702
rallen@tyler.net

/s/Michael F. Pezzulli

# VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Michael Pezzulli, known to me, who after being duly sworn on her oath stated that she is the counsel of record David C. Petruska and Sandra L. Petruska in the above cause, that she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix and/or the Record.

_____
Michael F. Pezzulli

Subscribed and sworn to before me on this 9th day of October, 2015.

_____
Notary Public, State of Texas

JEANA RENEE STEIN
My Commission Expires
July 7, 2017